257 So.2d 293 (1972)
James H. MENDEL, Jr., Appellant,
v.
Sally A. MENDEL, Appellee.
No. 71-614.
District Court of Appeal of Florida, Third District.
February 1, 1972.
Rehearing Denied February 23, 1972.
Harold Peter Barkas, Miami, for appellant.
Milton Ferrell, Miami, for appellee.
Before PEARSON, CHARLES CARROLL and BARKDULL, JJ.
CARROLL, Judge.
On August 30, 1956, the parties entered into an eleven page property settlement agreement in which it was recited that they had married on August 31, 1951; that there were two children of the marriage, aged four and one and one-half years, respectively; that the parties had separated; and that the wife intended to file suit for divorce.
By that document the parties agreed upon certain property dispositions, agreed the wife should have custody of the children, and specified the times and manner of visitation of the children with the husband. *294 Therein the husband agreed to purchase certain bonds to be held for the future college expenses of the children, to maintain health and accident insurance for them and a policy on his life for their benefit, and to defray their dental and medical expenses.
In addition, certain provisions were made for weekly payments for child support, which obligated the husband to pay to the wife $50 a week for each child (making an aggregate sum of $100 per week), "to continue until such time as the respective child shall have died, married or attained the age of twenty-one (21) years, whichever event first occurs", with a proviso that in event of remarriage of the wife the obligation of the husband for payment of child support thereafter would be $25 per week for each child. That portion of the paragraph of the agreement dealing with payment of child support was as follows: "* * * provided, however, that each of the above mentioned support payments shall be reduced to Twenty-five Dollars ($25.00) per week for each child in the event that the Wife remarries during the minority of either or both of said children prior to his or her marriage."
Following mutual releases by the parties, the agreement stated: "* * * it being the intention of the Husband and Wife that henceforth there shall be, as between them, only such rights and obligations as are specifically provided for in this agreement." Elsewhere therein it was provided that the agreement would be effective and binding on the parties upon being presented in the divorce suit and made a part of the divorce "decree" by incorporation therein by reference. The day after the parties entered into that agreement the wife filed her action for divorce in the circuit court of Dade County.
On September 5, 1956, a judgment of divorce was entered in which the court referred to the agreement (which was shown in the record) and made it a part of the judgment by expressly incorporating it therein by reference. In the judgment the husband was ordered to pay child support, as provided for in the agreement, as follows:
"Ordered, Adjudged and Decreed that the Plaintiff have the custody of the minor children of the parties, to-wit: Heidi Lynn, age four years and Peter Allan, age a year and a half; and that the Defendant be and he is hereby ordered to pay to the Plaintiff the sum of One Hundred and No/100 ($100.00) Dollars per week for the support of the children in accordance with the agreement between the parties referred to above, the first payment being due on September 6th, 1956, and weekly thereafter." (Italics supplied.)
In October of 1958 the wife applied for an increase in the amount of those weekly child support payments. On December 22, 1958, an order was entered increasing the aggregate weekly amount thereof from $100 to $125.
One year later, on December 23, 1959, the wife remarried. Thereafter, as thus provided for, the husband paid the wife $50 per week, representing $25 per week for the support of each child. For the next eleven years the weekly payments of child support continued on that basis, without any objection by the wife. However, on September 8, 1970, she instituted a proceeding in the case seeking to have the husband held in contempt for claimed delinquency in payment of child support, and as an alternative for entry of judgment against him for claimed arrears of child support.
After hearing thereon, the court entered the order of May 3, 1971, which is the subject of this appeal by the husband. Therein the court held the husband was in arrears for the period since the wife remarried (for the difference between the higher weekly amounts the husband had been obligated to pay prior to the remarriage of the wife and the lesser amounts he had paid weekly after the wife remarried), and in said order tthe court granted judgment *295 in favor of the wife against the husband for such difference in the amount of $43,945. It appeared that the daughter (then aged 19) had married a short time before, and in fixing the amount of the money judgment the court gave effect to the provision of the agreement by which the obligation of the husband to pay support for that child had terminated upon her marriage, and the court gave the husband credit therefor.
The appellant husband contends that the trial court was in error in concluding he was in arrears for child support in that respect, and in entering the judgment against him. We find merit in those contentions.
By a recitation in the order granting the judgment it is shown the trial court proceeded on the theory that the husband was not entitled to the benefit of the provision of the agreement (as incorporated in the judgment) which called for payment by him of the lesser amount of $25 per week for each child after remarriage of the wife, because he had not applied for and obtained a modification of the divorce judgment in such respect. In so concluding the trial court was incorrect, and appears to have put the cart before the horse. There was no need for the husband to obtain a modification of the judgment, where the extent of his obligation for payment of weekly child support after remarriage of the wife was fixed by the agreement, just as it would not have been necessary for him to obtain a modification of the judgment to be entitled to terminate payment of support for a child who became 21 years of age or who married sooner, where, as here, the agreement adopted by the judgment made specific provision therefor.
On the contrary, if the wife, after her remarriage, had desired to obtain an increase of the child support over that which was expressly provided to be paid thereafter, it would have been incumbent upon her to seek a modification of the judgment for such an increase, if she had been in a position to show changes of circumstances which should so warrant. That was not done. Instead, for many years after the wife had remarried she accepted without objection the smaller payments which had been provided for. By so doing it would appear that during that extended period she, as well as the husband, considered he was complying with and discharging his obligation for weekly payment of child support, and that her belated claim that the husband's payment of those lesser amounts had resulted in arrears in child support was an afterthought.
The law which is applicable in this situation requires reversal of the money judgment against the husband. Eaton v. Eaton, Fla.App. 1970, 238 So.2d 166; Westberry v. Westberry, Fla.App. 1966, 191 So.2d 871; Kramer v. Kramer, Fla.App. 1962, 146 So.2d 586. The rules of law governing this case were well stated by the fourth district court of appeal in Eaton v. Eaton, supra, as follows:
"Although a father does have the legal duty to support his minor children to the extent that his means reasonably permit, Bezanilla v. Bezanilla, Fla. 1953, 65 So.2d 754; Fekany v. Fekany, 1935, 118 Fla. 698, 160 So. 192; Dworkis v. Dworkis, Fla.App. 1959, 111 So.2d 70, it is not unusual for parents who become involved in a divorce suit to enter into an agreement pertaining to the custody and support of the minor child or children. Of course, such an agreement would not be effective to oust an equity court of either its inherent powers or its expressly granted statutory powers to control, protect and provide for infants. Cooper v. Cooper, Fla.App. 1967, 194 So.2d 278. However, once such an agreement is approved by the court and by reference expressly made a part of the final decree of divorce, the provisions relating to custody and support of the minor child or children are no longer merely in the status of an agreement of the parties, but become elevated to the dignity and effect of a court decree."
*296 The inclusion of an express provision in the judgment for the husband to pay $100 per week child support, and the increase thereof which was granted to the wife a year prior to her remarriage, did not operate to remove the effectiveness of the provision of the agreement which called for reduction of the child support payments to $25 per week for each child in event of remarriage of the wife. This is so for two reasons. First, because the provision of the judgment for payment of $100 per week child support which therein was stated to be made for the support of the children "in accordance with the agreement between the parties", as well as the increase which was ordered, necessarily had reference to the payments required by the agreement to be made during the period when the wife would not be remarried. Secondly, because the amount the husband was obligated to pay for child support after remarriage of the wife (when different circumstances would prevail) was controlled by a separate provision of the agreement that was made a part of the judgment.
When the agreement which the parties to this cause had entered into was made a part of the divorce judgment by incorporation therein by reference, the provisions of the agreement relating to child support became those of the judgment. Thereby, following remarriage of the wife, the obligation of the husband for payment of child support became and was to pay $25 per week for each of the two children (subject to the provisions for termination of such obligation upon death, marriage or majority of a child); and the obligation of the husband would so continue unless and until increased by a modification of the judgment following a hearing based on a pleading filed by the wife seeking such relief. Cortina v. Cortina, Fla. 1957, 98 So.2d 334.
For the reasons assigned, the money judgment thus granted against the husband is reversed.