272 So.2d 827 (1973)
Evelyn Mignonette WILLIAMS and Naomi Bell, Appellants,
v.
Henry John WILLIAMS, Jr., Appellee.
No. Q-123.
District Court of Appeal of Florida, First District.
January 16, 1973.
Rehearing Denied February 23, 1973.
William B. Holland, Winter Haven, for appellants.
John E. Norris and Bruce W. Robinson, of Brannon, Brown, Norris, Vocelle & Haley, Lake City, for appellee.
WIGGINTON, Judge.
Appellants have appealed a post-judgment order rendered by the trial court which modified a former order requiring appellee-father to pay periodic child support for the minor children born of this marriage.
Appellant, Evelyn Mignonette Williams, and appellee, Henry John Williams, Jr., were divorced by judgment of the Circuit Court of Lafayette County rendered on June 30, 1961, by the terms and provisions of which custody of their two minor children was awarded to appellant and appellee was ordered to pay child support in the sum of $100.00 monthly. In January, 1968, a modification order was rendered increasing the child support required to be paid by appellee to the sum of $150.00 monthly. In January, 1971, appellant-mother was seriously injured in an automobile accident and was confined to the hospital. Because of her incapacity, an amendatory order was entered upon the petition of appellee by which he was awarded temporary legal custody of the children, and they were placed in the home of a Mr. and Mrs. Jack Towler who were granted direct supervision and *828 control of the children while living with them.
Subsequently in September, 1971, appellant-mother, together with appellant Naomi Bell, maternal grandmother of the minor children, filed a petition in the circuit court seeking modification of the prior custody order and praying that custody of the two children be awarded to the grandmother, Naomi Bell. This petition was countered with a like petition filed by appellee praying that the prior custody order be modified by granting complete and unrestricted custody of the children to him. It was on the issue of child custody only that the case came on for hearing and trial before the court. After extensive testimony was taken, the trial court rendered the order appealed herein by which it was found and adjudged that the best interests of the children would be served by granting their custody to the maternal grandmother, Naomi Bell, even though appellee was found not to be an unfit person but on the contrary to be an intelligent, sensitive, and fit person to have the custody of his daughters. After adjudicating the only issue raised by the pleadings, the trial court went further by adjudging that defendant-father should not be required to make support payments for the benefit of his children for the reason that his employment outside the territorial limits of the United States for the majority of the year deprives him of his right to visitation, and the attitudes of the children in not being desirous to be with him for the remainder of the time frustrates his right to visitation.
Appellants challenge that part of the post-judgment order appealed herein which modifies the prior order of the court and vacates that provision requiring appellee to pay the sum of $150.00 monthly for the maintenance and support of his children. Appellants contend that the matter of child support was not an issue raised by the pleadings nor tried by the parties at the hearing before the court and, therefore, was improperly included as an issue to be disposed of in the judgment rendered. With this contention we are impelled to agree.
In the case of Cortina v. Cortina[1] a divorce decree was awarded the husband, but the custody of their minor child was awarded to the wife with directions that the husband pay the sum of $10.00 a week as support for the child. Subsequent to the rendition of the decree, the husband filed a contempt proceeding against his former wife alleging that she had refused to allow him the reasonable visitation privileges awarded by the final decree of divorce. After hearing evidence on the petition for contempt, the trial court rendered an order amending the final decree in which he found that the father's right to visit his child had been denied through the fault of the daughter and therefore revoked and set aside that part of the original decree which required the husband to pay child support for the benefit of his daughter. In reversing the modification order, the Supreme Court said:
"There can be no doubt that a Chancellor cannot modify a support decree, or any other decree, unless the issue of modification is presented to him in appropriate proceedings and each party is given an opportunity to be heard on such issue... .
"... It is fundamental that a judgment upon a matter entirely outside of the issues made by the pleadings cannot stand; and where, as here, an issue was not presented by the pleadings nor litigated by the parties during the hearing on the pleadings as made, a decree adjudicating such issue is, at least, voidable on appeal... ."
So it is in the case sub judice the sole issue presented to the trial court on the petitions for modification filed by the appellants and appellee herein was one of custody of the children. No motion to modify the prior support orders was made by appellee nor *829 did he ask to be relieved of making support payments for his children on the ground that his right to visit them had been wrongfully frustrated. It was for these latter reasons, however, that the trial court set aside its former order requiring support payments for the children without such being an issue presented to him for decision. This he is not authorized to do under the established law of this state.[2]
Appellee has cross-assigned as error that part of the order appealed herein which awards custody of the two minor children to appellant-grandmother. As heretofore stated, this award was made upon the finding and conclusion by the trial court that such was in the best interests of the children. The testimony taken at the trial on which said order is based has not been brought to this court as part of the record on appeal. Without such record we are wholly unable to determine whether the chancellor's findings are based upon competent evidence or that his conclusions constitute an abuse of discretion or accord with the essential requirements of law.
At the hearing before this court counsel for the respective parties candidly informed the court that a number of events have transpired since the rendition of the order appealed herein which have an important bearing on the issues decided by the trial court and embodied in its most recent custody and child support order. It now appears that the mother of the minor children involved herein has died subsequent to the custodial award of her children to appellant, Naomi Bell. The fact that Naomi Bell lived in close proximity to the hospital where the mother was a patient, thereby affording visits between the children and their mother, was one of the factors considered by the court in making the custody award it did. Since the rendition of the order here considered, it appears that Naomi Bell has placed the two minor children in the home of their aunt and uncle and they are therefore no longer residing with the person to whom their custody was awarded. It is self-evident also that the mother to whom appellee was ordered to make child support payments is now deceased, and there is no one who is authorized to demand and accept such payments for the benefit of the children. Because of the situation in which this case now appears to have devolved, we hold that the portion of the order appealed herein which cancels and sets aside the previous order requiring appellee to pay child support payments for the minors involved herein is reversed. This cause is remanded to the trial court with directions that a hearing be held and further testimony taken regarding the custody of the minor children and the obligations of appellee to make periodic payments for their support and maintenance.
Reversed and remanded.
RAWLS, Acting C.J., and JOHNSON, J., concur.
NOTES
[1] Cortina v. Cortina (Fla. 1957) 98 So.2d 334, 336, 337.
[2] Cortina v. Cortina, supra note 1; Mendel v. Mendel (Fla.App. 1972) 257 So.2d 293, 296; Rine v. Rine (Fla.App. 1970) 240 So.2d 655, 656.