297 So.2d 642 (1974)
Dina TETA, Appellant,
v.
Pat TETA, Appellee.
No. U-76.
District Court of Appeal of Florida, First District.
July 16, 1974.
*644 M.J. Menge, of Shell, Fleming, Davis & Menge, Pensacola, for appellant.
Richard P. Warfield, of Levin, Warfield, Graff, Mabie & Rosenbloum, Pensacola, for appellee.
JOHNSON, Judge.
The appellant, the divorced wife of appellee and mother of the subject minor child, seeks reversal of an Order of Modification which changed the appellee-father's visitation privileges and the method of payment of child support.
The parties herein were married in Italy in July of 1960 and thereafter moved to the United States. In July of 1963 they separated and appellant, pregnant at the time, returned to her native Italy. The only child of the union was born in Italy on January 14, 1964. He has never seen his father, has never been in the United States and he speaks no English.
On May 13, 1968, a final decree of divorce was entered and appellant was awarded custody of the child, with appellee to "have the right of reasonable visitation." Appellee was ordered to pay child support in the amount of $150.00 per month. The trial court noted that "the parties had stipulated to the matters at issue as relate to custody of and support for the parties' minor child ..."
In July of 1970, appellee-father petitioned for a modification of the final divorce decree's visitation privileges, alleging that he was unable to go to Italy because he could not leave his business unattended and also because of the disparity of divorce laws between Italy and the United States. Appellee had remarried and feared that he would be arrested in Italy as a bigamist. A full hearing on this petition for modification was held before Judge Kirke Beall, at which time depositions that had been taken in Italy were admitted into evidence. There was some reference in these depositions that the minor child had been ill.
Judge Beall, who was also the Judge who rendered the final judgment of divorce in 1968, rendered his Order of Modification on August 24, 1971. Said Order recited that neither the parties at the time of entering into the stipulation for final judgment nor the court upon entry of final judgment contemplated transportation of the minor child to the United States for visitation purposes. It was further found that the appellant mother had not refused appellee his "rights of reasonable visitation." The final judgment was, however, modified by Judge Beall to the extent that upon the child reaching twelve (12) years of age, appellant was to cause the child to travel to the United States for a sixty (60) day visit with appellee each year, appellee to bear the transportation expenses. Appellant filed a notice of appeal from this modification order, but the appeal was dismissed for failure to prosecute.
In January of 1973, appellee filed a second petition seeking modification of the divorce decree and of the 1971 Order of Modification, again alleging his inability to travel to Italy due to the reasons stated above. He further alleged the improved health of the child, and paid into the court registry arrearages in child support payments. Appellant answered this petition for modification by contending, inter alia, *645 that appellee had failed to allege any substantial change in the circumstances of the parties since the 1971 Order of Modification.
After a hearing on this second petition, Judge Theo F. Bruno found that because of the differences in Italian and United States laws regarding domestic relations problems and the present existing circumstances of the parties, the provisions of the 1971 modification are incapable of execution and unreasonable. It was also found that appellee was in arrears in payments of child support in the amount of $3,000.00. Upon such findings, Judge Bruno ordered and decreed a modification which required appellant to permit the child, then nine years of age, to visit appellee in the United States for 60 days annually, beginning immediately, appellee to bear the travel expenses. While appellee was ordered to pay to the Clerk all outstanding arrearages in child support payments, it was further decreed that appellant could not receive such payments until she had permitted the child to travel to the United States for a period of not less than 60 days prior to the end of the calendar year 1973, and if she failed to permit such travel, the arrearages would be returned to appellee and appellant's rights thereto "will be considered waived and the said money thereby forfeited retroactively because of her failure to comply with the visitation arrangements set down in this order." Additionally, it was ordered that only one-half of future payments of child support would be disbursed by the Clerk to appellant until the Court received notice that future annual visits had been permitted, the accumulated sums to be returned to appellee if such visits had not been permitted by the end of each succeeding calendar year.
As grounds for reversal of this second modification order, appellant urges that there were no material changes in circumstances to justify a further modification order and that there was no finding that the changes ordered were in the child's best interest. Also appellant contends that the trial court erred in ordering that the accumulated arrearages of payments of child support, as well as one-half of the future payments, be retained by the Clerk pending compliance with the visitation privileges in the future. With these contentions, we are compelled to agree.
Treating the latter assignment of error first, we find that there has been no showing that equity required that appellant be refused payments of vested past due installments of child support. In Florida, unpaid child support payments constitute a vested right not subject to modification. Where default occurs in the payment of installments of child support under a decree which has become final, the unpaid installments constitute vested property rights, and the court has no power, absent certain compelling circumstances which amount to exceptions, to cancel or retrospectively reduce the decree as regards past due installments. Pottinger v. Pottinger, 133 Fla. 442, 182 So. 762 (1938); Gottesman v. Gottesman, 220 So.2d 640 (Fla.App. 3rd, 1969); Petrucci v. Petrucci, 252 So.2d 867 (Fla.App. 3rd, 1971); and Hynes v. Hynes, 277 So.2d 557 (Fla.App. 3rd, 1973). We recognize that in some cases there may be extraordinary facts (such as laches or estoppel, waiver, reprehensible conduct on the part of the parent having custody or other strong equitable reasons) which would justify a refusal to enforce against the defaulting party the payment of past due installments of child support. Brown v. Brown, 108 So.2d 492 (Fla.App. 2nd, 1959); Warrich v. Hender, 198 So.2d 348 (Fla.App. 4th, 1967); Mendel v. Mendel, *646 257 So.2d 293 (Fla.App. 3rd, 1972); and Hurst v. Hampton, 274 So.2d 891 (Fla.App. 4th, 1973). However, in the present case, there has been no showing that appellant has ever wrongfully deprived appellee of his right to visit the child. Appellee has never even attempted to visit the child in Italy and it was previously found that the parties herein never contemplated transporting the child from Italy to the United States to visit with his father and that appellant had not refused appellee his visitation rights.
Moreover, no modification of child support was justified in the absence of pleading or proof on that issue. Here, appellee himself did not seek a modification of the child support provisions. No evidence was directed to the question of conditioning payments upon appellant's compliance with visitation privileges. The sole issue presented to the trial court was one of visitation rights. A support decree cannot be modified unless the issue of modification is presented to the trial court in appropriate proceedings wherein each party is given an opportunity to be heard on the issue. A judgment upon a matter entirely outside the issues made by the pleadings cannot stand. Cortina v. Cortina, 98 So.2d 334 (Fla. 1957); Williams v. Williams, 272 So.2d 827 (Fla.App. 1st, 1973).
Hence, appellant having a vested interest in the past due installments of child support payments and the issue of modification of such payments not being before the trial court, the trial court was without power to condition appellant's right to such payments upon compliance with visitation privileges in the future.
We turn now to that part of the modification order which requires an immediate modification of visitation privileges. We recognize that in a case of this nature, the trial court has broad discretion in its continuing jurisdiction and, conversely, the scope of appellate review is limited. However, the precise facts of this case lead us to the conclusion that the trial judge, in reaching his decision to modify the original custody order, as previously modified, abused his discretion.
When considering petitions for modification of custody or visitation arrangements, the court does not have the same degree of discretion as it does in entering the original decree. The law favors the reasonableness of the original decree, and, in fact, the same is res judicata of all matters involved and known at the time of the decree and is to be afforded and entitled to this weight at a subsequent proceeding. The party seeking a modification has the burden of proof to show facts warranting modification and to show that the change is for the child's best interests. Belford v. Belford, 159 Fla. 547, 32 So.2d 312 (1947).
To warrant a modification of prior custody or visitation arrangements, it must appear that there has been a substantial or material change in the conditions or circumstances of the parties, or at least one of them, since the entry of the original decree. Considerations which give rise to the general rule of res judicata preclude a relitigation of the issue where the facts remain substantially the same as those adjudicated in the original order. And, of course, even if there has been a substantial change in circumstances, the court will not modify the original decree unless the welfare of the child will be promoted thereby. Belford v. Belford, supra; Bennett v. Bennett, 73 So.2d 274 (Fla. 1954).
Applying these principles of law to the facts before us, we find that the appellee totally failed to allege or prove a substantial or material change in circumstances since the original decree, as modified, was entered. At the hearing on this second petition for modification, the appellee himself admitted that the only change that had taken place since the first modification *647 was that the child was then two years older. The evidence adduced at the second hearing was basically a repeat of that taken at the first hearing. Appellee, who sought the second modification, failed in his burden to show facts which would warrant modification. All of the factual matters involved in the determination of the second petition had already been decided by the court when it rendered the initial modification in 1971. In fact, if there has been any change at all, it has been in appellee's favor, for we believe the law in Italy did undergo a recent change to permit divorce.
Based upon the foregoing, the Order of Modification appealed herein is reversed and set aside, and this cause is remanded with instructions to enter an order denying appellee's petition for modification and directing the Clerk to disperse to appellant the arrearages in child support payments being held in the registry of the court, as well as all future payments as they become due.
Reversed and remanded with directions.
SPECTOR, Acting C.J., and BOYER, J., concur.