305 So.2d 792 (1975)
Betty Lou DeWALT, Appellant,
v.
Albert Raymond DeWALT, Appellee.
No. 74-270.
District Court of Appeal of Florida, Fourth District.
January 10, 1975.
Hal H. McCaghren of Hal H. McCaghren Law Offices, West Palm Beach, for appellant.
Kenneth H. Renick of Altman & Renick, Lake Worth, for appellee.
OWEN, Chief Judge.
Approximately eighteen months after a final judgment of dissolution of marriage in which custody of two minor children, then ages one and five, respectively, was awarded to appellant, the court entered its order (which is the subject of this interlocutory appeal) modifying the final judgment by changing custody of the minor children from appellant to appellee.
Appellant contends that it was error for the court to enter an order modifying the child custody provisions of the final judgment in the absence of any pleading filed by the appellee which appropriately presented this issue to the court. We agree that absent an emergency, the court should not amend the child custody provisions of a final judgment of dissolution except upon the usual and ordinary procedures of pleading, i.e., the issue raised by appropriate allegations in the moving party's motion or petition and an opportunity afforded to the other party to answer. Purvis v. Carver, Fourth District Court of Appeal, 303 So.2d 681, Opinion filed December 6, 1974; Teta v. Teta, Fla.App. 1974, 297 So.2d 642; Williams v. Williams, Fla.App. 1973, 272 So.2d 827; Lourcey v. Lourcey, Fla.App. 1971, 256 So.2d 25; Scheer v. Scheer, Fla.App. 1961, 132 So.2d 456; Cortina v. Cortina, Fla. 1957, 98 So.2d 334; Kurtz v. Kurtz, 1933, 112 Fla. 619, 150 So. 785; 10 A, Fla.Jur., Dissolution of Marriage, Section 342, at page 466.
In this case there was no emergency. We find no pleading filed by appellee alleging facts to show (1) that there had been a substantial change in circumstances of the parties since the time of the prior award of custody, and (2) that a change of custody would be in the best interest of the child or children. Appellee did not even allege these ultimate facts, the proof of which are essential before child custody provisions of the final judgment may be modified. The issue not having been raised by the pleadings, it was error for *793 the court to enter its order modifying the child custody provisions of the final judgment. Our decision in this respect makes it unnecessary for us to consider appellant's further contention that, on the merits, the record shows that such change of custody was an abuse of discretion.
That portion of the order of December 6, 1973 modifying the child custody provisions of the final judgment by changing custody from appellant to appellee is reversed.
CROSS, J., concurs.
MAGER, J., concurs specially.
MAGER, Judge (concurring specially):
While I agree with the principles of law set forth in the majority opinion and concur in the ultimate disposition based upon the application of these principles to the particular facts, our determination herein should not be construed as precluding the trial court from reconsidering the matter of custody upon the appellee's filing of appropriate pleadings and proof.