312 So.2d 215 (1975)
Elvera Correne SPRADLEY, Appellant,
v.
Joseph Michael SPRADLEY, Appellee.
No. X-133.
District Court of Appeal of Florida, First District.
May 12, 1975.
Rehearing Denied June 5, 1975.
*216 William J. Roberts, Jr., Bergen & Roberts, Lake City, for appellant.
Michael C. Murphy, McDavid & Murphy, Lake City, for appellee.
JOHNSON, Acting Chief Judge.
The appellant-mother in this case seeks reversal of a modification order changing custody of the five-year old child of the parties from the mother to the appellee-father.
We have carefully examined the record on appeal and the briefs submitted by the parties. Upon our consideration thereof, it is our conclusion that the petitioner-father failed to prove a substantial change in circumstances which would warrant a change in custody from the mother to the father and that the trial court erred in entering its order modifying child custody.
As this Court stated in the case of Teta v. Teta, 297 So.2d 642, at 646 (Fla. App. 1st, 1974):
"When considering petitions for modification of custody or visitation arrangements, the court does not have the same degree of discretion as it does in entering the original decree. The law favors the reasonableness of the original decree, and, in fact, the same is res judicata of all matters involved and known at the time of the decree and is to be afforded and entitled to this weight at a subsequent proceeding. The party seeking a modification has the burden of proof to show facts warranting modification and to show that the change is for the child's best interests. Belford v. Belford, 159 Fla. 547, 32 So.2d 312 (1947).
"To warrant a modification of prior custody or visitation arrangements, it must appear that there has been a substantial or material change in the conditions or circumstances of the parties, or at least one of them, since the entry of the original decree. Considerations which give rise to the general rule of res judicata preclude a relitigation of the issue where the facts remain substantially the same as those adjudicated in the original order. And, of course, even if there has been a substantial change in circumstances, the court will not modify the original decree unless the welfare of the child will be promoted thereby." Belford v. Belford, supra; Bennett v. Bennett, 73 So.2d 274 (Fla. 1954).
Stated differently, custody of the child having originally been awarded to the mother, it was incumbent upon the father, in seeking a modification of custody, to clearly demonstrate that there has been a material and substantial change in the circumstances of the parties and that the best welfare of the child will be promoted by a change in custody.
In the instant case, there was no such showing. Viewing the evidence in a light most favorable to appellee, the most that can be said regarding any change of circumstances is that the appellee father is now married, the appellant mother is working while her parents care for the child, the appellant mother remarried but is having marital difficulties and the mother has changed her place of residence four or five times. There was no evidence that the appellant is an unfit mother or that her marital difficulties or changes in residence have adversely affected the subject minor child.
Under the facts of this particular case, we feel and so hold that the trial court abused his judicial discretion in ordering a change of custody from the mother to the father. Accordingly, the Order appealed herein is reversed.
*217 MILLS, J., concurs.
BOYER, J., dissents.
BOYER, Judge (dissenting).
I respectfully dissent. The best interest of the child is the pole star for determining custody. (Brust v. Brust, Fla.App. 1st 1972, 266 So.2d 400, cert. den. Sup.Ct.Fla. 1972, 271 So.2d 142 and Dinkel v. Dinkel, Fla. App. 1st 1974, 305 So.2d 90)
The record reveals that appellant is 24 years of age, having married one Terrell Dicks on June 25, 1971. At the time of her marriage to Dicks she was four months pregnant and already has another two-year-old child by him. Dicks had previously spent time in prison and has, since his marriage to appellant, been charged with possession of marijuana. Appellant has worked as a waitress since her divorce from appellee. Her hours are 10:30 a.m. through 2:00 p.m. and from 5:00 p.m. through 9:00 p.m., four days each week. Appellant has separated three times from her present husband and, on the date of the hearing before the trial judge, they were not living together. Neighbors of appellant and Dicks have complained because of "weird" music emanating from their mobile home and a "weird" blue lamp therein. A neighbor testified to a fight in the front yard of appellant's residence. Other testimony from a neighbor revealed that appellant's children were observed in a yard next door, giving rise to fears by the neighbor for their safety. When the neighbor went to appellant's house, appellant appeared to be drowsy although appellant denied that she ever smoked marijuana or took any other narcotic or that her husband had ever smoked marijuana or taken drugs in her presence. Appellee testified that on numerous occasions the subject child had been left with either him or his father for long periods of time, the longest being up to three weeks. During these times appellee would be unable to locate appellant. Appellant has moved her residence five times since her marriage to Dicks.
Such circumstances do not appear to be conducive to the best interest of the subject child. Further, such evidence is, in my view, more than sufficient basis for the decision of the learned trial judge. He heard the testimony, observed the witnesses and the parties and was in a much better position to weigh the evidence than are we.
I would affirm.