314 So.2d 198 (1975)
James M. AVERY, Appellant,
v.
Frances M. AVERY, Appellee.
No. V-418.
District Court of Appeal of Florida, First District.
June 16, 1975.
*199 Paul L. Cummings, Pensacola, for appellant.
Alan H. Rosenbloum and Robert J. Mayes of Levin, Warfield, Graff, Mabie & Rosenbloum, Pensacola, for appellee.
JOHNSON, Judge.
In this case the appellant-father seeks reversal of that portion of the Order on his petition for modification awarding the mobile home to the appellee, and the appellee-mother cross-assigns as error that portion of said Order modifying the custody provision of the final judgment by awarding the custody of the two minor children to the appellant-father.
We first consider the custody issue. On August 24, 1972, the trial court entered a partial final judgment dissolving the marriage of the parties and ordering that the Division of Family Services make a home study of the parties bearing upon their suitability to be the custodian of the minor *200 children. Although this Court was not furnished a copy of the report from the Division of Family Services, we must presume that such "detailed report" was favorable to appellee-mother inasmuch as the trial court, on January 10, 1973, entered its final judgment awarding custody of the minor children to the mother, subject to review by the trial court after a period of one year. This judgment was later amended as pertaining to the amount of child support and attorneys' fees. On September 17, 1973, appellant-father petitioned for modification of the custody provisions and this petition was amended on December 11, 1973. The only allegations of the amended petition for modification were that the petitioner-father had retired and that he could now be available to oversee the care and welfare of the children; that the two children had, for all practical purposes been living with the father and desired to continue to do so; and that the children were not doing well in school due to the fact that the mother's employment was such that it was necessary to awaken the children extremely early in the morning prior to their obtaining a full nights' rest. We do not deem these circumstances sufficient to justify a modification of the custody provisions of the final judgment.
As the Courts of this State have iterated time and time again, when considering petitions for modification of custody arrangements, the court does not have the same degree of discretion as it does in entering the original decree. The original decree is, in fact, res judicata of all matters involved and known at the time of the decree and is to be afforded and is entitled to this weight at a subsequent proceeding. To warrant a modification, it must appear that there has been a substantial or material change in the conditions or circumstances of the parties and that the best welfare of the children will be promoted by a change of custody. Teta v. Teta, 297 So.2d 642 (Fla.App. 1st, 1974); Bennett v. Bennett, 73 So.2d 274 (Fla. 1954); Belford v. Belford, 159 Fla. 547, 32 So.2d 312 (1947).
In this case, there was no such showing. Although the father's employment status has changed since the time of the final judgment awarding custody to the mother, it has not been demonstated that a change of custodial arrangments would promote the children's welfare. The childrens' desire to live with their father is based upon the fact that he takes them fishing, to the movies and to church. The final decree awarded the father weekend visitation with the children at his home from 6:00 p.m. on Friday until 6:00 p.m. on Sunday of each week. Under such an arrangement, it must be presumed that the father would have more of an opportunity to provide the children with such recreational and outing activities. This may continue under the terms of the original decree. As to the childrens' academic performance, there was evidence that the children were now doing better in school. There was no evidence to show that their grades would improve if the children were in appellant's custody. Although the mother was required to wake the children a little after 5:00 a.m. on school mornings due to her hours of employment, there was evidence that the children went to bed at 8:00 p.m. on school nights and often took a nap at their grandmother's home before catching the school bus at 7:00 a.m. Also help sessions for the children to improve their school work began at 7:30 a.m., which would require them to take a 7:00 a.m. school bus. There were no allegations that the appellee was in any way an unfit mother.
Under these circumstances, we feel and so hold that the order modifying the custody provisions should be reversed.
As to the issue regarding the award of the mobile home to the appellee-mother, we are also required to reverse. The original final judgment ordered that *201 "for the shelter of said minor children, the petitioner [appellee] shall have the exclusive use and occupancy of the house trailer home in which they and the petitioner [appellee] are now living, until the further order of this Court." Although there was no prayer in the petition for modification, as amended, regarding this mobile home nor was any testimony offered regarding the use, occupancy or title to this mobile home during the hearing on the modification petition, the trial court awarded said home to appellee and directed appellant to execute such documents as necessary to transfer title to her. This was clearly error.
No modification of the ownership of the mobile home was justified in the absence of pleading or proof on that issue. Here, neither appellant nor appellee sought a modification in that regard. The sole issue presented to the trial court was one of custody of the minor children. Without an appropriate proceeding wherein each party is given an opportunity to be heard on the issue of title to the mobile home, the original provision in the final decree regarding said home cannot be modified. A judgment upon a matter entirely outside the issues made by the pleadings cannot stand. Cortina v. Cortina, 98 So.2d 334 (Fla. 1957); Williams v. Williams, 272 So.2d 827 (Fla.App. 1st, 1973); Teta v. Teta, 297 So.2d 642 (Fla.App. 1st, 1974).
For the reasons above set forth, the Order granting appellant's petition for modification is, in all respects, reversed.
MILLS, J., concurs.
RAWLS, C.J., concurs in part and dissents in part.
RAWLS, Chief Judge (concurs in part and dissents in part).
As to the mobile home issue, I concur with the majority opinion.
It is my view that this Court, in reversing the trial court's order modifying the custody provision, has substituted its judgment for the broad discretion vested in the trial court. I would affirm that portion of the order appealed awarding the custody of the two minor children to appellant-father; I therefore dissent as to this Court's decision as to the custody of the children.