KEHOE, Judge.
These consolidated appeals arose from the entry by the trial court of an order dated September 15, 1976, which modified the custody provision of a prior final judgment dissolving the parties’ marriage by transferring primary custody of one of the four minor children of the parties from the appellant wife to the appellee husband, and denied appellant’s petition to increase her alimony benefits. Except as set forth below, we affirm the trial court’s order.
One of the points raised by appellant pertains to the portion of the order that transferred custody of one of the parties’ minor children from appellant to appellee. Appellant argues that this relief was not sought by the parties in their pleadings and the grant of such relief was made without the trial court properly taking evidence in the matter.
We have reviewed the record in this case and are impressed by the trial court’s actions in attempting to provide for the welfare of the minor child, as well as providing for the benefit of the parties. However, we have concluded that the custody issue is one which should have been raised by the pleadings with its concomitant opportunity for evidence to be presented by the parties on the matter. See, e. g., Avery v. Avery, 314 So.2d 198 (Fla. 1st DCA 1975); Teta v. Teta, 297 So.2d 642 (Fla. 1st DCA 1974); and Keathley v. Elb, 133 So.2d 471 (Fla. 2d DCA 1961). Therefore, the order entered by the trial court is reversed to the extent that it transferred custody of one of the parties’ minor children from appellant to appellee.
We have also considered the other points raised on appeal by appellant and find them to be without merit. See, e. g., Strate v. Strate, 328 So.2d 29 (Fla. 3d DCA 1976); Muir v. Muir, 225 So.2d 175 (Fla. 1st DCA 1969); Katz v. Katz, 159 So.2d 241 (Fla. 3d DCA 1964); and Homer v. Homer, 155 So.2d 845 (Fla. 3d DCA 1963).
Affirmed in part; reversed in part.