MILLS, Acting Chief Judge.
Nell Finch, formerly Nell Costa, grandmother of W. H., a minor child, seeks reversal of an order removing temporary custody of W. H. from her and granting temporary custody to Mr. and Mrs. L. W. Albritton.
In November 1973, W. H., a minor child, and her three minor brothers were adjudged to be dependent children. They were placed in the temporary custody of their grandmother. At this time W. H. was eight months of age and undernourished. Although the grandmother was suffering from high blood pressure, she was required to work long and irregular hours. As a result, Mrs. Finch frequently employed babysitters to stay with W. H.
In April 1974, the Albrittons began babysitting with W. H. and spent a great deal of time with her. In June 1975, W. H. began staying full time with the Albrittons. In October, the grandmother signed the following document:
“Due to my irregular working hours and the progress this child has made during her stay with the Albrittons, I am voluntarily giving my consent for L. W. and Pam Albritton to accept full responsibility for the care and well-being of [W. H.], with me, Nell Costa, retaining custody of this child.”
In August 1976, W. H. went to visit with her grandmother, who had married and moved to Orange County, and her brothers. The grandmother decided it was to the best interest of W. H. that she remain with her rather than return to the Albrittons. In October, the Albrittons filed an amended petition seeking custody of W. H. W. H. remained in the Finch home until 16 January 1977 when she was returned to the Albrittons by court order. She remained with them until 31 January when she was returned to her grandmother with court approval. On 1 March, the order appealed was entered by the trial court.
At the hearing, it was developed that the grandmother was 46 and her husband 40. The grandmother was in good health but had past cardio-vascular problems. Her husband was employed, earning $8,500 yearly plus National Guard pay. The Finches lived in a three-bedroom trailer. The grandmother was a high school graduate and attended business college. She was active in her church. The minor brothers of W. H. live with the Finches. The Division of Family Services found the grandmother to be fit, ready, willing and able to have temporary custody of W. H. W. H. wanted to live with her grandmother.
Mr. Albritton was 21 and Mrs. Albritton was 18. They had been married for three years and had a four-month-old child. Neither had a high school education. Mr. Al-britton was employed, earning $200 a week. The Albrittons lived in a three-bedroom home owned by Mr. Albritton’s father. The *36 Albrittons attended church. The Division of Family Services found them to be fit persons to have temporary custody of W. H.
We reverse. In determining who should be granted custody of a minor child who has been removed from his or her home, the controlling consideration is what is best for the welfare of the child. In Re the Interest of R. J. C., 300 So.2d 54 (Fla. 1st DCA 1974). But in all cases where the parents of the child are found unfit, the court should award custody of the child to a close relative, if there be one, who is fit, ready, able and willing to be awarded custody. Section 39.10(6), Florida Statutes (1975). To warrant a modification or change of a child custody order, the burden is on the movant to prove a substantial and material change in the conditions and circumstances of the parties and that the welfare of the child will be promoted by a change of custody. Avery v. Avery, 314 So.2d 198 (Fla. 1st DCA 1975). Children in a family should not be separated from each other and distributed to different homes except for the most compelling reason. Arons v. Arons, 94 So.2d 849 (Fla.1957).
Mrs. Finch is the grandmother of W. H. She had been awarded temporary custody in November 1973. In January 1977, the Division of Family Services found Mrs. Finch to be fit, ready, willing and able to be granted custody of her granddaughter. The record before the trial court supports the Division’s finding. Mrs. Finch has custody of W. H.’s two minor brothers. By granting her custody of W. H., the brothers and sister will be raised together. The record fails to show a substantial and material change in circumstances between November 1973 and January 1977 that would permit a change of custody of W. H. from her grandmother to the Albrittons. In fact, the record shows that the conditions pertaining to the grandmother became better between November 1973 and January 1977. Under the facts of this case, the granting of custody to the grandmother would be best for the welfare of W. H.
In all fairness to the Albrittons, the record reflects that they are fit persons to have custody of W. H. but because of the above reasons cannot be awarded custody of her. They are to be commended, for the love and care they have bestowed upon W. H. We are sure that their efforts have not been in vain because they helped another human being when help was needed.
The order appealed is reversed and this case is remanded with instructions to enter an order granting custody of W. H. to her grandmother, Mrs. Finch.
SMITH and ERVIN, JJ., concur.