356 So.2d 61 (1978)
Joyce Oesterle TASH, Appellant,
v.
Douglas W. OESTERLE, Appellee.
No. 76-2124.
District Court of Appeal of Florida, Third District.
March 14, 1978.
*62 Koppen & Watkins and Faith K. Stalnaker, Miami, for appellant.
Militana, Militana & Militana, Miami, for appellee.
Before BARKDULL, HUBBART and KEHOE, JJ.
KEHOE, Judge.
Appellant, plaintiff below, brings this appeal from an order dated April 27, 1976, entered by the trial court denying her petition for modification and for an order requiring payment of arrearages under a final decree of divorce entered on August 26, 1965, between appellant and appellee, defendant below. Appellant also appeals that portion of the order which granted appellee's counter-petition for custody of the parties' 13 year old son. Additionally, appellant appeals an order dated October 12, 1976, entered by the trial court denying her motions for a rehearing and for attorney's fees with costs. We affirm the orders, except to the extent that they granted appellee custody of the parties' 13 year old son and denied a consideration of the appellant's motion for modification; these portions of the orders are reversed and the cause is remanded for further proceedings in the trial court.
Appellant raises the following four points on appeal: (1) that the trial court erred in denying her petition for arrearages in child support; (2) that the trial court erred in denying her petition for modification of the order awarding child support; (3) that the trial court abused its discretion in granting appellee's counter-petition for change of custody; and (4) that the trial court erred in denying her attorney's fees and costs in her petition to enforce payment of past due child support.
The usual criteria for modifying child custody provisions are twofold; there must be a material and substantial change in the circumstances of the parties and the best welfare of the child must be promoted by a change in custody. See, e.g., Avery v. Avery, 314 So.2d 198 (Fla. 1st DCA 1975); Spradley v. Spradley, 312 So.2d 215 (Fla. 1st DCA 1975); Nicholson v. Nicholson, 311 So.2d 676 (Fla. 4th DCA 1975); and Bruggisser v. Bruggisser, 244 So.2d 518 (Fla. 3d DCA 1970). The court in Spradley, supra, at 216, stated as follows:
"When considering petitions for modification of custody or visitation arrangements, the court does not have the same degree of discretion as it does in entering the original decree. The law favors the reasonableness of the original decree and, in fact, the same is res judicata of all matters involved and known at the time of the decree and is to be afforded and entitled to this weight at a subsequent proceeding. The party seeking a modification has the burden of proof to show facts warranting modification and to show that the change is for the child's best interests. Belford v. Belford, 159 Fla. 547, 32 So.2d 312 (1947)."
*63 In applying these criteria to the instant appeal, we are of the opinion that the record fails to reflect sufficient competent substantial evidence upon which the trial court could have properly transferred custody of the parties' 13 year old son from appellant to appellee. Therefore, appellant's third point on appeal is well taken and that portion of the orders transferring custody of the child is reversed. Also, in the light of this determination, appellant's fourth point on appeal is well taken and the cause is remanded for further proceedings in regard to appellant's petition for modification of the final decree of divorce between the parties. We have also considered each of the other points raised by appellant and find them to be without merit. Therefore, except to the extent specifically set forth above, the remaining portions of the orders appealed are affirmed.
Affirmed in part, reversed in part, and remanded.