360 So.2d 19 (1978)
Lois W. BAKER, Appellant,
v.
William H. BAKER, Appellee.
No. 76-2397.
District Court of Appeal of Florida, Fourth District.
May 31, 1978.
Rehearing Denied July 17, 1978.
*20 Ronald Sales of Law Offices of Ronald Sales, Palm Beach, for appellant.
George H. Bailey of Jones, Paine & Foster, P.A., West Palm Beach, for appellee.
RIVKIND, LEONARD, Associate Judge.
This is an appeal from an order modifying a final judgment by transferring custody of a minor child of the parties from the appellant-mother to the appellee-father. The facts are fully set forth in the trial judge's order of modification. No useful purpose would be served by repeating them here.
The decision of the trial judge carries with it the presumption of correctness and it is incumbent upon appellant to demonstrate that the order appealed was clearly erroneous. Dinkel v. Dinkel, 322 So.2d 22 (Fla. 1975); Cowen v. Cowen, 95 So.2d 584 (Fla. 1957); Bennett v. Bennett, 146 So.2d 588 (Fla. 2nd DCA 1962).
In order to modify custody there must be a substantial change in circumstances since the time the original judgment was entered. A trial court does not have the same degree of discretion to modify the custody provisions of a final judgment of dissolution as it does at the time of the original judgment. Frye v. Frye, 205 So.2d 310 (Fla. 4th DCA 1967); Tash v. Oesterle, 356 So.2d 61 (Fla. 3d DCA 1978).
We have carefully considered the entire record in this case in the light of the foregoing legal principles. We cannot say the trial court's decision was clearly erroneous or that he abused his discretion. Ergo, we must uphold it even though we might have decided differently had we been the trier of fact. Bennett v. Bennett, supra.
As the Supreme Court stated in Grant v. Corbitt, 95 So.2d 25, 28 (Fla. 1957):
[T]his court cannot, in any type of case, overturn the decision of a Chancellor made in the exercise of his judicial discretion in the absence of a clear showing of an abuse thereof; and, in a child custody case, the opportunity of the Chancellor to observe the demeanor and personalities of the parties and their witnesses and to feel forces, powers and influences that cannot be discerned by merely reading the record, assumes a new importance because of the many intangibles that must be evaluated in deciding the delicate question of a child custody.
AFFIRMED.
DOWNEY, C.J., and MOORE, J., concur.