388 So.2d 240 (1980)
Lorayne WALSH, Appellant,
v.
Dermot WALSH, Appellee.
No. 79-2102.
District Court of Appeal of Florida, Second District.
August 15, 1980.
Rehearing Denied September 18, 1980.
*241 Dick Lee and Jordan L. Wallach of Lee & Surfus, Sarasota, for appellant.
Robert W. Beaudry of Lyons & Beaudry, Sarasota, for appellee.
SCHEB, Chief Judge.
The trial court dismissed the wife's petition to enforce the child support provisions of a property settlement agreement incorporated in the divorce decree. The court based its ruling on the ground that it did not have personal jurisdiction over the nonresident husband. We hold that the husband consented to personal jurisdiction by stipulating in the agreement to its incorporation in any divorce decree. We reverse.
Lorayne Walsh and Dermot Walsh married in New York in 1956. In November 1964 they separated, entering into a property settlement agreement under which the husband was required to pay $150 per month child support to the wife until their minor daughter attained her majority, was emancipated or completed her education, whichever occurred last. The agreement also provided that the husband would pay the higher education expenses of the daughter, if his financial condition permitted, and that he would establish a trust fund or account for that purpose. Finally, the agreement provided:
Nothing herein shall be construed to bar or prevent either party from suing for absolute divorce or annulment in any court of competent jurisdiction. This agreement, if acceptable to the Court, may be incorporated by reference in any judgment or decree so obtained.
The wife obtained a final decree of divorce in Sarasota County, Florida, in September 1965, after having served the husband by publication.[1] In its decree the court approved and incorporated the property settlement agreement, and specifically directed the parties to abide by its terms. In September 1978 the wife petitioned the circuit court in Sarasota County to enforce the provisions of the agreement regarding the educational expenses of the daughter.[2] She served the husband personally under Florida's long arm statute, Section 48.194, Florida Statutes (1979).[3] The husband, having never resided in Florida, moved to dismiss on the ground that the court did not have personal jurisdiction over him. The court granted the motion and the wife filed this appeal.
The wife had to establish residency in Florida at the time of the initial divorce proceeding as required by Section 65.02, Florida Statutes (1965) (now appearing at § 61.021, Fla. Stat. [1979]). The court therefore, had in rem jurisdiction of the marriage and the power to dissolve it. Orlowitz v. Orlowitz, 208 So.2d 849 (Fla. 3d DCA 1967); see Rollins v. Rollins, 155 Fla. 83, 19 So.2d 562 (1944). When the court granted the wife's request to incorporate the property settlement agreement in its decree, it effectively ordered the husband to pay the daughter's educational expenses pursuant to the agreement. Mendel v. Mendel, 257 So.2d 293, 296 (Fla.3d DCA 1972). In order to do so, it had to have personal jurisdiction of the husband for this limited purpose. See Orlowitz, 208 So.2d at 850-51.
Since the court had subject matter jurisdiction, the husband could consent to personal jurisdiction on constructive service, *242 or on personal service outside the jurisdiction of the court. Newton v. Bryan, 142 Fla. 14, 194 So. 282 (1940); 13 Fla.Jur.2d Courts and Judges § 103 (1979). Here the husband consented to personal jurisdiction as to matters in the property settlement agreement when he agreed that any court of competent jurisdiction could incorporate the agreement in a divorce or annulment decree.
Surely the primary purpose of the parties' agreeing to incorporate the agreement was to allow a court to enforce it. On incorporating the agreement the court elevated it to the dignity and effect of a court decree, which it then had continuing jurisdiction to enforce. Mendel, 257 So.2d at 296. The wife, therefore, properly applied to the court to enforce the agreement. See Clem v. Clem, 183 So.2d 742 (Fla.3d DCA 1966). Since a court can enforce monetary obligations against a person's property located inside the boundaries of the state in which it sits without having jurisdiction over the person, there was no reason for the husband to consent to this type of enforcement. See Burkhart v. Circuit Court of Eleventh Judicial Circuit, 146 Fla. 457, 1 So.2d 872 (1941). It follows, therefore, that the husband was consenting to enforcement against his property located outside of the boundaries of the state in which the enforcing court sits, and was consenting to personal jurisdiction on constructive service for that type of enforcement.
Accordingly, the trial court erred in dismissing the wife's petition for enforcement for lack of jurisdiction over the husband. We reverse and remand for further proceedings consistent with this opinion.
GRIMES and CAMPBELL, JJ., concur.
NOTES
[1] The husband does not challenge the sufficiency of service or adequacy of notice in the initial divorce proceeding.
[2] The wife styled her petition as one to enforce and to modify the decree. In reality, however, she sought only to force the husband to comply with the provisions of the property settlement agreement regarding the educational expenses of the daughter.
[3] Given the court's jurisdiction to incorporate the property settlement agreement, the wife need not have complied with the provisions of the long arm statute. Notice to the husband which satisfied due process considerations was sufficient. Kosch v. Kosch, 113 So.2d 547 (Fla. 1959).