403 So.2d 1111 (1981)
William Elija BAKER, Appellant,
v.
Becky Marie BAKER, Appellee.
No. 81-574.
District Court of Appeal of Florida, Second District.
September 18, 1981.
Ann Terrell Carley, Patient Legal Advocacy, Chattahoochee, for appellant.
No appearance for appellee.
BOARDMAN, Acting Chief Judge.
William Elija Baker (the husband) appeals the final judgment of dissolution of his marriage to Becky Marie Baker (the wife). We affirm in part and reverse in part.
The wife filed a petition for dissolution on August 26, 1980, also seeking custody of the parties' minor child (the husband is not *1112 the child's natural father, but he had legally adopted the child) and full ownership and control of the parties' residence. At the time the petition was filed, the husband was being held in jail pending disposition of criminal charges arising out of an incident in which he had shot a gun into the boarding house in which the wife was living. He nevertheless filed a pro se response on September 15, agreeing that the marriage was irretrievably broken and that the wife should have custody of the child, but requesting that the hearing be postponed for ninety days so that he could produce evidence in support of his allegation that the wife had agreed to convey her interest in the marital home to him in exchange for his conveying his interest in a certain automobile to her. This motion was denied on October 3, but the husband was given twenty days "to further plead." In response, the husband filed another pro se pleading denominated "Respondent Request Hearing," which alleged for the first time that the wife had sold his personal property without his consent "for her personal gain" and was conspiring to keep him in jail, and that the wife should not have custody of the child because she "is unfit mother in that she had comitted [sic] perjury has swindle [sic] State and Federal people out of property and money and Petitioner have [sic] charges against her, just as soon as Bank officials and the F.B.I. visit Respondent at the Jail."
Final hearing was held on December 1, 1980. The husband had been notified of the hearing, but did not appear either personally or through counsel. Prior to the hearing, the husband had been committed to Florida State Hospital in Chattahoochee, having been found incompetent to stand trial. It appears that the husband was incarcerated, either in jail or in Chattahoochee, at all times during the pendency of the wife's petition for dissolution, and he did not have counsel representing him in this matter. These facts were known to the trial court. The court nevertheless not only found that it had jurisdiction over the parties, which it most assuredly did, but proceeded to hold the hearing and enter final judgment.
Other than one witness who testified solely concerning the wife's residence in Florida, the only witness at the hearing was the wife. She testified that she and her daughter needed the marital home to live in, although they were currently living in her mother's rooming house and the marital home was rented out. She and her husband had purchased the home jointly with a $700 down payment and had less than $500 equity in it. She had worked throughout the marriage, and both she and the husband had contributed to the payments. The husband had been unemployed since February, 1980, however.
At the conclusion of the hearing, the trial court announced that it would dissolve the marriage and award custody of the child to the wife. The court continued:
Because of the Husband's current problem with the law and his own emotional problems, the Court makes no provision at this time for visitation, but will reserve that.
The Court, however, there being jurisdiction over his person, there being such a small equity in this home, which is needed and necessary for the financial security of the minor child that's been adopted by Mr. Baker, will award, in lieu of temporary child support, the interest of the Husband to the Wife, and he will be required to execute a quit-claim deed. If he fails or refuses to do so within ten days, then the judgment of this Court shall operate to transfer his interest in the home to the Wife.
She will assume the mortgage payments and save the Husband harmless as indicated here.
You might embrace that as temporary alimony and child support. For the title purposes, we might say that  let me get a little information.
Since he's been out of work, you've been making payments on the home?
THE PETITIONER: Right.
THE COURT: I think probably you ought to say special equity and child support. Do both, and I think that will make the title a little better.
*1113 Final judgment was entered on January 6, 1981, in accordance with the court's oral pronouncement except that the court reserved jurisdiction concerning child support and made no mention of visitation rights. On December 22, 1980, motions for rehearing were filed by both the husband pro se and by a legal services attorney on the husband's behalf. Both motions raised the issue of the husband's lack of opportunity to appear at the hearing either personally or through counsel. The motions were denied by order rendered January 26, 1981. This appeal followed timely.
Under the circumstances, we find no error in the trial court's dissolution of the marriage or in the award of custody of the child to the wife, neither of which are challenged on appeal. However, jurisdiction to determine visitation rights should have been reserved, as the trial court announced it would do. See Baker v. Baker, 366 So.2d 873 (Fla. 4th DCA 1979).
In addition, the trial court erred in awarding title to the marital home to the wife. In the first place, neither stated ground for this award is supported by the record. An award of the home as child support is unjustified on this record because there is absolutely no evidence of the husband's ability to pay, see Canakaris v. Canakaris, 382 So.2d 1197, 1201 (Fla. 1980); indeed, the scanty information available indicates that the husband is indigent and unemployed and has virtually no assets. The other stated ground, special equity, was not established. Our supreme court in Canakaris explained this concept as follows:
The term "special equity" was created to describe a vested interest in property brought into the marriage or acquired during the marriage because of contribution of services or funds over and above normal marital duties... . This vested interest is not alimony... .
The term "special equity" has also been used to justify an award of lump sum alimony. When employed in this context, it concerns only whether the equities of the case justify a lump sum award. The property interest or lien concept of "special equity" is entirely distinct from the determination of parties' equities in a lump sum alimony award. The term "special equity" should not be used when considering lump sum alimony; rather, it should be used only when analyzing a vested property interest of a spouse... . (Citations omitted.)
382 So.2d at 1200-1201. Payments on real property made by a wife with funds she earned during the marriage do not ordinarily give rise to a special equity. Fiedler v. Fiedler, 375 So.2d 1119 (Fla. 2d DCA 1979), cert. denied, 383 So.2d 1193 (Fla. 1980); see also Ball v. Ball, 335 So.2d 5 (Fla. 1976).
In the second place, the trial court erred in holding a hearing on the issue in the husband's absence. As this court stated in Nystrom v. Nystrom, 105 So.2d 605 at 609 (Fla. 2d DCA 1958): "Due process, as well as orderly procedure, contemplates that notice and a full and fair opportunity to be heard should be given each party before any significant step is taken in the proceedings in a cause." (Emphasis added.) It is obvious that although the husband was duly notified of the hearing, he did not have an opportunity to be heard. His absence at the hearing was not his own choice, since he was not free to leave the state hospital, and there is no indication that he had, prior to the hearing, either the opportunity or the funds to secure an attorney, who could at least have cross-examined the wife's witnesses and otherwise protected his interests. Moreover, his pleadings were sufficient to place the trial court on notice that he desired to present evidence on the issue of disposition of the marital home.
Under these circumstances, the trial court should have done one of two things. The court could have briefly postponed the hearing to afford the husband a reasonable opportunity to obtain representation through either an attorney or a guardian ad litem and/or to make arrangements to attend the hearing in person. In the alternative, the court could have held a partial hearing in the husband's absence, dissolved the marriage and awarded child custody to the wife (as it did), awarded the wife temporary *1114 use and occupancy of the marital home, and reserved jurisdiction to determine the issues of child support (the trial court did reserve jurisdiction on this issue), visitation rights and disposition of the marital home until such time as the husband could either represent himself adequately or secure representation through an attorney or a guardian ad litem.
Since we have concluded that the dissolution of the marriage, the award of child custody to the wife, and the reservation of jurisdiction to award child support were proper, we affirm those portions of the final judgment of dissolution. We reverse the remainder of that order and remand the cause for further proceedings consistent with this opinion.
AFFIRMED in part, REVERSED in part, and REMANDED.
OTT and RYDER, JJ., concur.