PER CURIAM.
This court earlier reserved for consideration, together with the merits, appel-lee’s Motion to Strike those portions of appellant’s brief referring to appellant’s conviction and sentencing on multiple counts of burglary and grand theft, which appellee asserts are outside the record and impertinent to the issues presented on appeal. We note that the record contains numerous references to burglary, theft, and liability therefor, and that many of these references were introduced by the appellees. Accordingly, the Motion to Strike is denied. Unsupported or irrelevant claims and arguments in the appellant’s brief that go beyond the record will be treated as such.
As to the merits, appellant appeals a final judgment in a civil action for conversion, adjudging that appellees, plaintiffs below, recover from appellant a total of $11,297.67, plus costs. We reverse and remand for new trial.
Plaintiffs alleged that the defendant converted to his own use by theft and burglary the property of plaintiffs. A hearing to set the case for trial was held and the trial was conducted without the defendant appearing or being represented. Between the date of the hearing and the trial, defendant wrote two letters to the court in which he stated that he was then serving a fifty-year sentence at Union Correctional Institution, Raiford, Florida, denied his liability for the claimed damages, stated that he wished to present his defense at trial, and asked for information on the procedure he should follow in order to appear. No action was taken on the letters by the court, and eventually the case proceeded to trial without the presence of appellant; judgment was then entered in appellees’ favor; whereupon appellant filed a notice of appeal, a declaration of indigency, and a request for appointed counsel.
This court first considers appellant’s pro se argument that the judgment was unlawful for two reasons: first, because the judgment arose out of an earlier multi-count conviction for burglary and grand theft for which he had received a sentence, which took into consideration the fact that he was unable to make restitution, and second, because Florida Rule of Criminal Procedure 3.111(b)(2) entitles him to appointed counsel. There is no merit in these assertions. The instant case is a civil suit, separate and independent of any previous criminal convictions. It is not a post-conviction proceeding in the sense of Florida Rule of Criminal Procedure 3.111(b)(2), and there is no possibility of appellant being deprived of liberty as a result of the suit. There is no right to appointed counsel in a civil suit of this type. See, for example, Argersinger v. Hamlin, 407 U.S. 25, 37, 92 S.Ct. 2006, 2012, 32 L.Ed.2d 530 (1972), and In The Interest of D.B. and D.S., 385 So.2d 83, 89 (Fla. 1980). However, we do recognize that a trial judge may, in his discretion, “nonetheless use his historical authority to provide legal assistance[,]” and “[wjhen appointment of counsel is desirable but not constitutionally required, the judge should use all available legal aid services, and when these services are unavailable, he should request private counsel to provide the necessary services.” Id. at 91, 92 respectively.
We turn next to appellant’s argument that the judgment should be reversed because he was denied the right to appear *289 and defend the suit. Appellant here is an involuntary defendant to a civil suit, confined by the state in a correctional institution, who cannot appear in court without the assistance of either the court or of the state authorities supervising his confinement. His situation is significantly different from that of a nonprisoner defendant or even that of a prisoner plaintiff in a civil suit, a prisoner petitioner seeking postcon-viction relief, or a prisoner defendant in a criminal proceeding. We are unpersuaded by appellee’ argument that appellant should be treated as any other defendant in a civil suit or, by analogy, as a prisorier/plain-tiff/petitioner. Appellant cannot appear of his own volition and, obviously, the suit was not initiated by the appellant prisoner as a device to obtain temporary relief from the rigors of prison. Because this appeal can be disposed of on narrower grounds, we choose not to address the broad question of the right of an involuntary prisoner defendant to appear in a civil suit, except to note with approval the approach taken by the court in Baker v. Baker, 403 So.2d 1111 (Fla. 2d DCA, 1981). See also State ex rel. Page v. Hollingsworth, 117 Fla. 288, 157 So. 887 (1934).
In the instant case, we acknowledge that appellant is a pro se defendant to a civil action whose written communications are inartful in the legal sense, and with that allowance, we construe appellant’s two letters to the trial court as a general denial of liability and a motion for relief, namely, a petition for writ of habeas corpus ad testifi-candum, presenting issues which required disposition prior to entry of judgment on the merits.
The judgment is reversed and the case remanded for a new trial following determination of the question of whether appellant shall be permitted to appear or otherwise offer any relevant defenses to the issues framed in appellees’ complaint.
ERVIN, WENTWORTH and JOANOS, JJ., concur.