LEHAN, Judge.
We affirm the circuit court’s transfer to the county court of this civil action by an incarcerated plaintiff.
Plaintiff contends that he was entitled to be present at the hearing on defendant’s motion to dismiss, citing Baker v. Baker, 403 So.2d 1111 (Fla. 2d DCA 1981) and McKay v. Jenkins, 405 So.2d 287 (Fla. 1st DCA 1981). We disagree. Although Baker and McKay express concern over the opportunity of an incarcerated defendant to appear in person or through counsel, neither involves a situation, as here, where the incarcerated person is plaintiff. In fact, McKay specifically distinguishes the situation in which the person is plaintiff in a civil suit. 405 So.2d at 289.
Plaintiffs due process rights were not violated. The trial court recognized plaintiff’s situation, wrote the plaintiff, and specifically gave him the opportunity to file a brief in opposition to the motion. The trial court also suggested that if plaintiff desired representation, he should obtain an attorney. After the hearing on the motion to dismiss, the trial court again wrote to plaintiff and gave him time to respond. Plaintiff did respond by filing a brief. Six weeks later the trial court transferred the case to the county court, finding that the amount in controversy was not the amount requisite for circuit court jurisdiction.
Affirmed.
CAMPBELL, A.C.J., and FRANK, J., concur.