559 So.2d 357 (1990)
Joyce Kaye Meyer BUTTERMORE, Appellant,
v.
James Bert MEYER, Appellee.
No. 89-3059.
District Court of Appeal of Florida, First District.
April 4, 1990.
*358 Jacalyn N. Kolk and Albert Craig Penson of Hilton, Hilton and Kolk, Panama City Beach, for appellant.
James Bert Meyer, Tallahassee and Sandra G. Adkins, Panama City, for appellee.
ALLEN, Judge.
Appellant, Joyce Kaye Meyer Buttermore (wife), appeals from a post-dissolution order enforcing and modifying the terms of the final judgment dissolving her marriage to appellee, James Bert Meyer (husband). She challenges various provisions of the trial court's order, including provisions calling for shared parental responsibility and liberal visitation. She also argues that the trial court erred in allowing the husband over three and one-half years to satisfy his arrearages in making child support payments. We affirm in part and reverse in part.
The parties' eleven year marriage was dissolved by final judgment entered by the Circuit Court of Bay County in 1978. Pursuant to a settlement agreement incorporated into the final judgment, the wife was granted sole custody and control of the two minor children, subject to the husband's reasonable visitation. The husband was required to pay $400 per month as child support. Subsequent to the dissolution, the husband moved to Tallahassee, while the wife and children remained in Panama City.
In 1989, after the older child had reached majority, the husband filed his petition for modification requesting shared parental responsibility and increased visitation with his fourteen year-old son. As a basis for the modification requested, the husband alleged that he had remarried and established a stable home. He also alleged that he and his former wife interpreted "reasonable visitation" differently, and that the result of the differing interpretations was an undue limitation on his visitation with his son. The wife counterpetitioned for various relief, including payment of child support arrearages.
At the hearing there appeared to be no dispute as to the husband's assertion that he had remarried and had a stable home, but there was considerable dispute as to whether the husband's visitation had been unduly restricted. Although the parties' daughter was not involved in the petition, having reached the age of majority, she testified that she visited with her father whenever he asked, which had amounted to five or six times each year. The son testified that during his summer visitation with his father, his father would return from work around 7:00 in the evening and that the son spent most of his time watching television. He stated that he had actively participated in baseball and soccer for several years and that weekend and lengthy summer visitation with his father in Tallahassee would severely interrupt, and in some instances preclude, his participation in these sports. A psychologist with experience in working with adolescents testified regarding her evaluation of the son's development and mental attitude. It was her opinion that it was important for the son, given his personal experiences and feelings, to continue interaction with his peers through participation in sports activities and that full weekend visitation and extended visitation throughout the summer would not be beneficial and would be viewed by the child as punishment. Additional evidence also revealed that the husband was in arrears in making child support payments.
The trial court entered an order awarding the husband shared parental responsibility and concomitant "liberal" rights of visitation. The order provided that the child's primary residential home would be with the wife, subject to liberal visitation by the husband. The order set forth a *359 schedule consisting of visitation every other weekend, six weeks in the summer, one week at Christmas and Thanksgiving, Father's Day, the father's birthday, and the child's birthday in alternate years. Additionally, the court found that the husband was $1,093 in arrears in making child support payments, but, without any finding as to the husband's ability to pay, the court allowed the husband to pay the arrearages at the rate of $25 per month.
At the outset, we reject the husband's contention that our review of the custody and visitation portions of the modification order is controlled by the "reasonableness" standard of Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). We have addressed this issue in prior cases and have found that the Canakaris standard of review applies to review of trial court orders modifying child support and alimony awards but does not apply to orders concerning modification of child custody and visitation. See Zediker v. Zediker, 444 So.2d 1034, 1037 (Fla. 1st DCA 1984), citing Teta v. Teta, 297 So.2d 642 (Fla. 1st DCA 1974). We also observe that the final judgment herein predated the enactment of Section 61.13, Florida Statutes, relating to shared parental responsibility. Section 61.13 has no retroactive application. Malchiodi v. Malchiodi, 431 So.2d 301 (Fla. 3d DCA 1983). Therefore, the dispositive issue as to the custody and visitation modifications is whether the husband has presented competent, substantial evidence proving:
(1) A substantial or material change in the circumstances of the parties since entry of the original custody and visitation order, and

(2) That the welfare of the child will be promoted by a change in custody and visitation.
See Zediker, supra, and Shelley v. Shelley, 480 So.2d 166 (Fla. 1st DCA 1985) review denied, 491 So.2d 280 (Fla. 1986). This is due to the fact that the original decree is considered res judicata as to all matters involved and known at the time it was rendered, including the fitness of the custodial parent and the best interest of the child. Belford v. Belford, 159 Fla. 547, 32 So.2d 312 (1947).
We find that the husband did not present competent, substantial evidence satisfying the two prongs of the Zediker test. The mere remarriage of a noncustodial parent and establishment of a stable home is not sufficient material change, alone, to justify the modification ordered herein. See Belford, 32 So.2d at 315; Ritsi v. Ritsi, 160 So.2d 159 (Fla. 3d DCA 1964); and Wilson v. Condra, 255 So.2d 702, 703 (Fla. 1st DCA 1971). The husband's contention that differing interpretations of the term "reasonable visitation" had hindered his ability to visit with his son was the subject of conflicting evidence. Even assuming that the husband's contentions were true, we do not find such to be sufficient change in circumstances to justify the modification order below. Nor do we find a basis within the record for a finding that the husband carried his burden of showing that the modified custody and visitation is in the child's best interest.
We recognize, however, that visitation set forth in a more particularized manner is preferred and arguably warranted in a case, such as this, where there is evidence of discord between the parties concerning visitation. We, therefore, remand this issue for establishment of a schedule of visitation which is "reasonable" for a noncustodial parent.
The trial court found the husband to be $1,093 in arrears in his child support payments. These unpaid installments constitute a vested property interest. Teta v. Teta, 297 So.2d at 645. The trial court ordered the husband to pay this vested interest in installments of $25 per month. At this rate, the arrearage will not be paid for over three and one-half years. This minimal payment schedule is unexplained, and the record fails to demonstrate the amount the husband is reasonably able to pay. We, therefore, remand for the trial court to determine the amount the husband is reasonably able to pay, and for entry of an appropriate order after such determination.
*360 We find the wife's remaining arguments, which relate to other portions of the modification order, to be without merit.
Accordingly, we reverse those portions of the modification order providing for shared parental responsibility and "liberal" visitation. We also reverse that portion of the order allowing the husband to pay child support arrearages at the rate of $25 per month. We remand for further proceedings to establish a schedule for "reasonable" visitation and to order repayment of arrearages in accordance with the husband's ability to pay. In all other respects the order appealed from is affirmed.
ERVIN, J., concurs.
ZEHMER, J., concurs in result.