NIMMONS, Judge.
The appellant, the defendant below, appeals from an order of default entered in favor of appellee State of Florida by reason of the appellant’s failure to appear in person or through counsel at trial in a civil forfeiture proceeding instituted by the ap-pellee.[1] We reverse.
In 1984, the appellant was convicted and sentenced on two counts of armed robbery perpetrated by the appellant in June 1983. At the time of appellant’s arrest, the police seized $2,311.45 in currency from his possession. The appellee instituted a civil forfeiture proceeding in 1983 via a petition for rule to show cause under the Florida Contraband Forfeiture Act (Section 932.701, Florida Statutes (1983)). A rule to show cause was issued and appellant filed his answer thereto. In April 1984, appellee filed an additional civil complaint against appellant, seeking remedies under Sections 812.035 and 895.05, Florida Statutes (“civil theft” and “RICO”). Shortly thereafter, the two actions were consolidated. For almost four years, the parties engaged in drawn-out discovery and motion practice. In February, 1988, the appellee filed an “Amended Complaint” in the consolidated cases seeking forfeiture, pursuant to Sections 895.05 and 812.035, of the above referred $2,311.45 in currency seized from the appellant and certain funds deposited in the appellant’s savings account in the Citizens and Peoples National Bank of Pensacola.
Although the appellant was represented by private counsel in the criminal case, he *718 represented himself in the civil forfeiture proceeding. In March, 1988, the appellant, while still serving his sentences on the armed robbery convictions, filed, with the assistance of another prison inmate, an answer to the amended complaint basically denying any nexus between the funds sought to be forfeited and any illegal activity. In May 1988, the appellant filed his “Demand For Trial Via Jury On All Issues of Fact and Law.” The trial court entered an order on June 2, 1988, setting the case for trial on September 19, 1988. On September 2, appellee filed a motion for continuance of the trial, and hearing thereon was scheduled for September 12, the appellant being served with a copy of the motion and notice of hearing. Subsequently, on September 12, appellee filed and served a notice of withdrawal of its motion for continuance. Thereafter, appellant served on Thursday, September 15 a motion for continuance which was filed on September 19. The appellant, who was still incarcerated in a state correctional facility in Cross City, sought a continuance and an order appointing counsel to represent him at the trial. There is no order in the record herein ruling upon the appellant’s motion for continuance although the order of default discussed below makes reference thereto.
After neither appellant nor any counsel on his behalf appeared for trial, the appel-lee filed and served upon the appellant an application for default. The appellant filed a response thereto basically asserting that an order of default should not be entered because the only reason for his nonappearance was his incarceration and failure of the court to appoint counsel to represent him. The appellant’s response also reiterated the defensive assertions of his answer to the amended complaint to the effect that there was no nexus between the armed robberies and the funds sought to be forfeited.
Subsequently, the court entered the' subject order of default, making the following findings: ,
1.The Cour4- has jurisdiction over the parties and the subject matters of these two combined actions.
2. The Defendant has filed and served papers in defense of these actions.
3. The Defendant filed a “Demand for Trial Via Jury on all Issues of Fact and Laws” in May, 1988.
4. These actions were accordingly set for Jury Trial for the week of September 19, 1988, and notice of such was timely supplied to and received by the Defendant.
5. The Plaintiff appeared for the jury trial as scheduled; the Defendant failed to appear either himself or through counsel.
6. The Defendant filed an untimely Motion to Continue the jury trial, in which he failed to request a new trial date and failed to allege, suggest, or show in any fashion that he could appear at any new trial date, either himself or through counsel.
7. The Plaintiff has filed a proper Application for Default based upon the Defendant’s failure to appear and defend these actions at the jury trial demanded by the Defendant.
8. The Defendant, in his reply to Plaintiff’s Application, has failed to show good or legal cause why the Court should not enter the requested Default in these combined actions.
Appellant claims that he was entitled to an appointment of counsel to represent him in this civil forfeiture proceeding. Appellant has not cited to us any authority to support such claim and we have found none.
The trial court’s order of default, to be valid, would have to be entered pursuant to Florida Rule of Civil Procedure 1.500(b), which provides:
(b) By the Court. When a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules or any applicable statute or any order of court, the court may enter a default against such party; provided that if such party has filed or served any paper in the action, he shall be served with notice of the application for default.
*719 The failure of a defendant to appear for a properly scheduled and noticed trial may constitute the failure to “otherwise defend” within the meaning of Rule 1.500(b). However, strict application of the rule to the situation in the case at bar runs counter to the requisites of due process. Under both the Federal[2] and Florida[3] constitutions, the state may not deprive a person of his property without due process of law. Fundamental to due process is notice and a full and fair opportunity to be heard. Mullane v. Central Hanover B. & T. Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); Baker v. Baker, 403 So.2d 1111, 1113 (Fla. 2nd DCA 1981).
Appellant is a defendant in a civil suit instituted by the state wherein the state is seeking forfeiture of the defendant’s property. Appellant cannot appear of his own volition because he is imprisoned by the state, the very entity that seeks to forfeit the appellant’s property. Moreover, since he is indigent, appellant cannot appear for trial via counsel. We hold that, under these circumstances, the entry of an order of default in favor of the plaintiff/state is violative of due process. Compare McKay v. Jenkins, 405 So.2d 287 (Fla. 1st DCA 1981); Klaver v. Mander, 468 So.2d 261 (Fla. 2nd DCA 1985).
Finally, we would note that, because of the absence from the record on appeal of some of the early pleadings, it is not entirely clear as to whether these consolidated cases were initiated via petition for rule to show cause or by complaint as employed in the usual suit.[4] However, as earlier mentioned, the pleadings which eventually framed the issues in the consolidated cases consisted of the appellee’s “Amended Complaint” and the appellant’s answer thereto. Although the cases of In Re U.S. Currency In the Amount of Five Thousand Three Hundred Dollars, 429 So.2d 800 (Fla. 4th DCA 1983) and In Re Forfeiture of Six Video Draw Poker Machines, 544 So.2d 1097 (Fla. 1st DCA 1989), appear to favor the rule to show cause procedure, no objection has been raised by the appellant regarding the procedural vehicle by which these consolidated cases were initiated and it would be inappropriate for us to sua sponte raise any such question. In any event, regardless of how the parties arrived at issue in this case, the fact is that they were apparently content to allow the complaint and answer to frame the issues.
The order of default is REVERSED and this cause is REMANDED for further proceedings in accordance with this opinion.
BOOTH, J., concurs.
ZEHMER, J., concurs with written opinion.

. Although nonfinal, an order of default is ap-pealable as an order which determines "the issue of liability in favor of a party seeking affirmative relief” within the meaning of Fla.R. App.P. 9.130(a)(3)(C)(iv). See Doctor's Hospital of Hollywood, Inc. v. Madison, 411 So.2d 190 (Fla.1982).

. Fourteenth Amendment, Constitution of the United States.

. Article I, Section 9, Constitution of the State of Florida.

.Earlier, we noted that one of the consolidated cases was initiated by a petition for rule to show cause. This fact was gleaned from the parties’ briefs rather than the record on appeal.