ZEHMER, Judge
(Concurring).
I concur in the court’s decision and write only to point out that, while there is no authority compelling the appointment of an attorney to represent Brown in this action, in McKay v. Jenkins, 405 So.2d 287 (Fla. 1st DCA 1981), this court observed:
There is no right to appointed counsel in a civil suit of this type, [citations omitted.] However, we do recognize that a trial judge may, in his discretion, “nonetheless use his historical authority to provide legal assistance^]” and “[w]hen appointment of counsel is desirable but not constitutionally required, the judge should use all available legal aid services, and when these services are unavailable, he should request private counsel to provide the necessary services.”
405 So.2d at 288, quoting from In the Interest of D.B., 385 So.2d 83, 89 (Fla.1980).