608 So.2d 553 (1992)
Darryl James McGlamry, Appellant,
v.
Kay Ziegler McGlamry, Appellee.
No. 92-1958.
District Court of Appeal of Florida, Fourth District.
November 18, 1992.
Darryl James McGlamry, Miami, pro se appellant.
Michael J. Dunleavy, Pompano Beach, for appellee.
PER CURIAM.
Appellant is an inmate at Dade Correctional Institution. In January of this year, he filed a petition for dissolution of marriage in which he asked that he and his mother, (paternal grandmother) have liberal visitation with the couple's one child, Jennifer Leigh McGlamry. The couple then entered into a stipulation in which appellant agreed to return the child, then residing with his mother in Georgia, to the mother/wife, and allowing appellant visitation every other week until further order of the trial court. The parties agreed that the visitation agreement was temporary and that "both parties are entitled to appear before the Judge or the designated General Master to determine the future visitation *554 arrangement between the child and the FATHER."
This stipulation was presented to the trial court for ratification, and on March 11, 1992, Judge Mel Grossman entered an agreed order ratifying it. The wife then filed a motion to establish visitation, asking that the court establish a plan forthwith. Her motion did not ask that the earlier visitation order be vacated altogether while proceedings continued. The motion was noticed and re-noticed for hearing on June 17, 1992. Appellant filed a motion for transport order, so that he could be present at the hearing on visitation. Judge Grossman simply denied that motion without any further explanation or findings. It does not appear that a hearing took place on it.
On June 17, 1992, the wife's motion to establish visitation was heard in appellant's absence. Appellant claimed that the wife requested that visitation be reduced to once a month. He wasn't present, though, and we have no transcript of the hearing. Judge Grossman then issued the order which is the subject of this appeal, vacating the previous agreed order allowing biweekly temporary visitation, appointing a guardian ad litem and reserving ruling on visitation until after receipt of the guardian's report.
First of all, we hold that this court has subject matter jurisdiction to review the trial court order of June 17, 1992, insofar as it vacates a previous order allowing appellant/father biweekly visitation with the couple's child. See e.g., Lewter v. Lewter, 508 So.2d 47 (Fla. 4th DCA 1987); Calderon v. Torres, 445 So.2d 1040 (Fla. 3d DCA 1984). Also, we do not believe that review is premature, in that the June 17 order does, at least for some period of time, vacate or terminate visitation altogether. Thus, appellant has demonstrated a basis for this court to exercise review under Florida Rules of Appellate Procedure 9.130(a)(3)(C)(iii).
Appellant's first argument was that the trial court erred in vacating the earlier, agreed upon order ratifying the stipulation which allowed him visitation rights, particularly when it did so without appellant being present. Appellant has not appealed the trial court's earlier order denying his motion for transport, but we believe he can nonetheless raise the issue in this context based on the following authorities.
In Baker v. Baker, 403 So.2d 1111 (Fla. 2d DCA 1981), the second district held that where a husband in dissolution proceedings was incarcerated and had indicated a desire to attend and present evidence in court on the issue of disposition of the marital home, a trial court committed reversible error in proceeding in his absence. Id. at 1113, citing Nystrom v. Nystrom, 105 So.2d 605, 609 (Fla. 2d DCA 1958), which held that due process contemplated that notice and a full and fair opportunity to be heard should be afforded parties before any significant step is taken in a case.
More recently, in Barnes v. Fucci, 563 So.2d 175 (Fla. 4th DCA 1990), a panel of this court reversed a trial court order denying a mother's petition for writ of habeas corpus ad testificandum, holding that as she is incarcerated, she had a due process right to be present and an opportunity to be heard at a proceeding on the father's motion to modify child support and custody.
Appellant's next contention was that the trial court erred in vacating the earlier order allowing visitation, absent a finding of substantial change in circumstances. He cited Antonetti v. Amato, 544 So.2d 286 (Fla. 1st DCA 1989), in which the first district reversed a trial court order granting a father temporary residence of a minor child until final order, as it effectively changed the physical residence and custody of the child from mother to father, but without a finding, supported by competent evidence, of a substantial change in the parties' circumstances or that a change of custody was necessary to protect the child from abuse, mistreatment or neglect.
Other cases not involving custody, or the Uniform Child Custody Jurisdiction Act, but rather addressing changes in visitation, have held that for a modification of visitation, the party so moving must demonstrate: (1) a substantial or material *555 change in the circumstances of the parties since entry of the original custody and visitation order, and (2) that the welfare of the child will be promoted by a change in custody and visitation. See e.g., Buttermore v. Meyer, 559 So.2d 357 (Fla. 1st DCA 1990), citing Zediker v. Zediker, 444 So.2d 1034 (Fla. 1st DCA 1984). In Buttermore, the court found that a husband had not presented such evidence to satisfy these two prongs to support modification of a visitation order.
Admittedly these authorities involve visitation orders of the court either incident to dissolution or post-dissolution, and not interlocutory orders such as the one at issue here, which simply temporarily vacated the appellant's visitation rights pending the court's receipt of a report and subsequent ruling on visitation. However, the order on review here does amount to at least a temporary modification, and does not provide any basis in fact or law for the change. As such, analogy to these authorities indicates error.
Finally, appellant argued that the trial court erred in vacating its earlier order allowing visitation where it did so in the absence of a request by either party, and without notice to the parties. We agree. Appellant was not given proper notice and opportunity to be heard at the June 17 proceeding, despite his request to be present. Neither was he given a clue that the trial court may actually remove his visitation rights outright, when neither he nor the wife had even requested such a modification. Section 61.131, Florida Statutes does entitle parties to reasonable notice and opportunity to be heard.
In Lentz v. Lentz, 414 So.2d 292 (Fla. 2d DCA 1982), the second district reversed a trial court order modifying child custody and visitation, to the extent that it increased the summer visitation period from three to four weeks, without prior notice to appellant that the court would consider such a modification. See also Sardinas v. Sardinas, 401 So.2d 909 (Fla. 4th DCA 1981) (majority reversed trial court order clarifying visitation provisions of separation agreement where it found no prior notice of that possibility was afforded to the wife) (Letts, J. dissenting).
Here, there was nothing in the wife's motion to establish visitation which could have been construed as giving notice to the appellant that the court might remove visitation altogether at the hearing. This, combined with the fact that the appellant was not even allowed to attend the hearing, supports appellant's challenge to the order.
For all of these reasons, we reverse the trial court's order of June 17, 1992 insofar as it vacated a previous visitation order, and remand for further proceedings on visitation forthwith, in which appellant is given proper notice and the opportunity to appear.
REVERSED AND REMANDED.
LETTS, DELL and GUNTHER, JJ., concur.