PER CURIAM.
This is an expedited appeal from an order denying a motion for change of residential child custody. The report of the guardian ad litem appointed to protect the best interests of the two minor children of this dissolved marriage pointed out, inter alia:
The past altercations between the parties in the presence of the children is deplorable, and can only be causing these children unnecessary emotional trauma.
Scott Kudick must be admonished to recognize that Rose Kudick has an equal right to participate in the rearing of the minor children, including making joint decisions as to which preschool the children will attend, medical care, extra-curricular activities, travel plans, etc. There is absolutely no basis for the children to be enrolled in a school wherein instructions are given that the children are not to be released to their mother. Additionally, it is inexcusable for Scott Kudick to believe he can take the children out of town even overnight without giving Rose Kudick advance notice of the address and telephone number where the children may be reached.
In turn, Rose Kudick must be admonished not to engage in any conduct which may incite an altercation in the presence of the children. Most recently, it appears that Rose Kudick did appear at Scott Kudick’s home, and may have attempted to remove some property therefrom. Whether or not the property belongs to Rose Kudick is irrelevant, but these self-help measures can only further inflame an already hostile situation.
Under appropriate circumstances conduct of the kind described might well have a sufficiently adverse impact upon the children to justify a change of custody and is, at the very least, a flirtation with the contempt powers of the court.
On this record, however, we agree with the trial court that appellant, the non-custodial parent, has not carried the extraordinary burden which is required to force a change of custody. See, e.g., Zediker v. Zediker, 444 So.2d 1034, 1036 (Fla. 1st DCA 1984); McGregor v. McGregor, 418 So.2d 1073, 1074 (Fla. 5th DCA 1982). Because appellant has failed to meet the two-pronged test most recently described by this court in McGlamry v. McGlamry, 608 So.2d 553, 554-55 (Fla. 4th DCA 1991), we affirm.
AFFIRMED.
ANSTEAD, HERSEY and GLICKSTEIN, JJ., concur.