FARMER, Judge.
We reverse the trial court’s modification of the domesticated New York divorce judgment. The final decree by the New York judge, entered April 1993, was based on a settlement agreement in which the parties agreed that the mother would be the primary residential parent, even though their child was temporarily residing with his father until the end of the school year in June 1998. Thereafter, the child spent most of the summer with the mother.
In August 1993, after a fight with her boyfriend, the mother asked the father to let the child live temporarily with him. Sometime in October-November 1993, the father told the mother that the child should live permanently with him and refused to return the child to her. This domestication-modification action was filed in December 1993.
The trial judge’s final order domesticating the New York judgment and then modifying its child custody provisions to make the father the primary residential parent recites: “For almost two and a half years and despite the provisions of the parties’ settlement agreement, the child’s actual primary physical residence has been with the [father].” We are unable to find any record evidence to support that finding. In fact, it is the father’s own testimony that establishes the facts as previously outlined.
The father concedes, as he must, that he bore an extraordinary burden to show a substantial and material change in the circumstances of the parties since entry of the judgment to be modified. Kudick v. Kudick, 622 So.2d 159 (Fla. 4th DCA 1993); McGlamry v. McGlamry, 608 So.2d 553 (Fla. 4th DCA 1992); Zediker v. Zediker, 444 So.2d 1034 (Fla. 1st DCA 1984).
Here the circumstances of the New York decree were that the child lived with the mother through the end of 1992 but began spending more residential time with the father in January 1993 — some four months before the entry of the New York decree. Thus, the fact of the temporary *1198 residence with the father was already true when the decree was entered. Certainly that same fact cannot support a modification based on a substantial and material change in circumstances occurring after the decree was entered. It follows that the change in custody cannot stand.
As to the cross appeal, we conclude that there was sufficient evidence to support the trial court’s award of attorney’s fees to the mother.
REVERSED.
GLICKSTEIN and GUNTHER, JJ., concur.