674 So.2d 807 (1996)
Tammy Jo TUCKER f/k/a Tammy Jo Greenberg,
v.
Joel D. GREENBERG.
No. 94-2152.
District Court of Appeal of Florida, Fifth District.
May 10, 1996.
Rehearing Denied June 13, 1996.
James R. Valerino of Cotter, Valerino & Zelman, P.A., Winter Park, for Appellant.
*808 Terry C. Young and Janet M. Courtney of Lowndes, Drosdick, Doster, Kantor & Reed, P.A., Orlando, for Appellee.

ON MOTIONS FOR REHEARING
THOMPSON, Judge.
We have reviewed Tammy Jo Tucker's and Joel D. Greenberg's motions for rehearing filed pursuant to Florida Rule of Appellate Procedure 9.330. We grant the motions for rehearing, withdraw our previous opinion, and substitute the following.
Tammy Jo Tucker ("the former wife") appeals from a final order which modified a final judgment of dissolution of marriage by changing residential custody of the parties' two minor children to Joel D. Greenberg ("the former husband"). The former husband petitioned for change of custody because of alleged substantial changes in circumstances. One alleged circumstance was that the former wife's alleged interference with visitation caused adverse psychological effects of her behavior upon the children. The former wife also appeals the failure of the trial court to award her attorney's fees and costs. While several other issues are raised on appeal, we find that only these two have merit. We affirm the modification, but reverse the denial of attorney's fees and costs.
The former wife and the former husband terminated their marriage with a marital settlement agreement which was incorporated into the final judgment. As part of the agreement, the former wife was awarded the "exclusive and primary residential responsibility of the minor children of the parties ... without prejudice." The former husband was awarded "the right of frequent, liberal, reasonable and continuing contact and visitation with said minor children." Although no formal visitation schedule was ordered by the court, the parties agreed in the settlement agreement that:
[b]oth Husband and Wife will exercise, in the utmost good faith, his or her best efforts at all times to encourage and foster the maximum relationship of love and affection between the minor children of the parties and their mother and father. Neither party shall in any way impede, obstruct or interfere with the exercise by the other of his or her right of companionship with the minor children, and neither of them, at any time, shall in any way disparage or criticize the other parent, nor allow others to do so, to or in the presence of the minor children.
The visitation became a vexatious problem between the parties with each making allegations that the other was guilty of impropriety and was unwilling to comply in good faith. There were allegations that the parents insulted each other and displayed ill-will toward each other in front of the children. The situation so deteriorated that the former husband petitioned the court to enforce or modify the marital settlement agreement to determine a specific visitation schedule. The court ordered the parties to attend mediation, but the issue could not be resolved. Various petitions, amendments and counter-petitions were filed, and the former husband ultimately amended his petition to request primary residential custody of the children. After a lengthy trial, the court entered an order which modified the parties' final judgment of dissolution by giving primary residential custody to the former husband, and which denied the former wife's request for attorney's fees and costs.
During the six-day trial, the court heard testimony from lay and expert witnesses, including a psychiatrist and two psychologists, examined exhibits, and observed the behavior of the parties. In its order modifying custody, the court found that the former husband would provide better access to the children, and that it would be in the best interest of the children that the former husband be the primary custodian. The instant case is a difficult one because there was some conflict in the expert testimony, and because there was testimony that the children would suffer adverse effects from the parents' behavior regardless of residency. We affirm, however, because we find that the former husband met his "extraordinary" burden and that there is substantial, competent evidence that supports the trial court's order.
There was testimony that the former wife would create a scene when the former husband *809 tried to exercise visitation, and that when the children were with the former husband she would telephone them constantly and cry. The trial court found, based on evidence in the record, that the former wife never resolved the emotional impact of the dissolution upon her and intentionally or inadvertently communicated to the children her intense dislike of the former husband to the extent that it affected their emotional well-being and their relationship with the former husband. There was also evidence that the former wife was obsessed with making shared parenting as difficult as possible for the former husband, that she made questionable parenting decisions, and that her behavior was damaging to the children.
The trial court wrote:
The Former Wife's interference with the Former Husband's visitation and access to his children, in addition to her negative parenting decisions over the years have had negative impact on the children's behavior at school; their level of self-assurance and their feelings towards their father.
This post-dissolution conductinterfering with visitation coupled with creating emotional problems in the childrenwas a substantial change. See Kudick v. Kudick, 622 So.2d 159 (Fla. 4th DCA 1993); Tessler v. Tessler, 539 So.2d 522 (Fla. 4th DCA), review denied, 549 So.2d 1014 (Fla.1989). See also § 61.13(4)(c)2., Fla.Stat. (1993).
It could be argued that the former wife's behavior could be corrected by sanctions or by contempt proceedings instead of changing custody. Tessler, 539 So.2d at 523; Schweinberg v. Click, 627 So.2d 548, 551 (Fla. 5th DCA 1993). That was an option available to the trial court. However, since there is a factual basis for the trial court's decision, we will not substitute our perception of the testimony and other evidence for the trial court's. Baldwin v. Baldwin, 576 So.2d 400, 401 (Fla. 5th DCA 1991); Baker v. Baker, 360 So.2d 19, 20 (Fla. 4th DCA 1978), cert. denied, 366 So.2d 879 (Fla.1979).
Regarding attorney's fees, the trial court relied upon language in the marital settlement agreement when it denied the former wife's motion. The agreement provided:

Attorney's Fees and Costs: Each party shall be solely responsible for the payment of his or her own attorney's fees and costs; provided, however, that should a party contest or fail to abide by any of the provision of this Agreement, then said party shall be obligated to pay a reasonable fee to the other party's attorney in an amount and manner to be determined by the court.
The trial court ruled:
[T]he clear and unambiguous language of [the marital settlement agreement] provides that each party is required to pay their own fees and costs, except in instance of non-compliance [with the terms of the marital settlement agreement].
We disagree with this ruling. There is no doubt that the language of the agreement contemplates that each party would be responsible for his or her own fees at the conclusion of the dissolution case. There is also no doubt the agreement contemplates that the party who brings post-judgment proceedings to force the non-complying party to follow the agreement has the right to reasonable attorney's fees from the non-complying party. Although the agreement is precisely drafted concerning attorney's fees for the dissolution and for motions forcing compliance with the agreement, it is silent concerning attorney's fees for modifications of the agreement.
The former husband argues that the former wife must pay her own fees resulting from his motion for modification of custody because of her behavior and her failure to comply with the visitation schedule. In essence, he argues that the modification would not have been necessary had she complied; therefore, she should be required to pay her attorney's fees. We disagree. As discussed, the party petitioning for modification not only must show that the other party refused to honor his or her visitation rights without proper cause, he or she must prove that the move is in the best interest of the child. Buttermore v. Meyer, 559 So.2d 357, 359 (Fla. 1st DCA 1990). Failure to comply with *810 the agreement alone is not a basis for changing custody. See Tessler, 539 So.2d at 523.
In this case, although many motions and petitions appear to have been tried together, the appealed order grants the alternative relief of modification based on the trial court's conclusion that:
[A]t first blush the request made by the former husband would appear to be based only on visitation problems, but upon close inspection, it is apparent that the problem is much more intense and forms a basis for concluding there has been a substantial change in circumstances.
Because the issue of modification was broader than the question of the former wife's compliance with the settlement agreement, and because the settlement agreement does not contain an attorney's fees provision regarding modification proceedings, the trial court was not precluded from awarding fees to the former wife.
The trial court should have ruled on the former wife's request for attorney's fees by considering the former wife's need and the former husband's ability to pay. See Hughes v. Hughes, 553 So.2d 197, 198-199 (Fla. 2d DCA 1989) (holding that provision in parties' marital settlement agreement requiring parties to pay their own attorney's fees and costs did not apply to proceedings to modify child support); § 61.16, Fla.Stat. The evidence presented in the instant case revealed that the former wife is unemployed and that her sole source of income is the former husband. If the former wife were to work in her former profession, her income could range from $18,000 to $40,000 per year. In stark contrast, the former husband earns between $450,000 and $665,000 annually. We reverse that portion of the order denying fees and remand for consideration of an award pursuant to section 61.16, Florida Statutes. See Berki v. Berki, 636 So.2d 532 (Fla. 5th DCA), review denied, 645 So.2d 450 (Fla.1994); Cortez v. Cortez, 625 So.2d 965 (Fla. 5th DCA 1993). In doing so, the lower court should consider all the factors pertinent to consideration of such an issue without reference to the attorney's fee provision in the marital settlement agreement.
AFFIRMED in part; REVERSED in part; REMANDED with instructions.
GOSHORN and GRIFFIN, JJ., concur.