686 So.2d 799 (1997)
Frank P. HAAS, Appellant,
v.
Rae L. Petrie HAAS, Appellee.
No. 95-3421.
District Court of Appeal of Florida, Fourth District.
January 29, 1997.
John R. Sorkin of John R. Sorkin, P.A., Hollywood, for appellant.
Rae L. Petri-Haas, Hollywood, pro se.
WARNER, Judge.
The former husband appeals from an order of the trial court modifying the parties' visitation agreement where the trial court found that there was no change in circumstances. He contends that the trial court erred in enhancing the former wife's visitation rights where she did not meet the requisite burden for modification of visitation. We agree and reverse.
The parties were divorced in 1992. As part of the final judgment of dissolution, the trial court approved their agreement regarding custody and visitation of their minor child. The appellant obtained primary physical residence of the child, and the appellee had limited visitation privileges. Specifically, the parties agreed:
The wife shall have the following visitation rights with the said minor child: Mondays and Thursdays from 3:00 P.M. until 7:00 P.M. and three Sundays per month. Overnight Visitation shall not occur until such time as the Wife's Alcoholics Anonymous Counselor and either her psychologist or psychiatrist send a letter to the Guardian Ad Litem (copies to attorneys) indicating that the Wife is able to handle and it is in the best interest of the child to have overnight visitation. At no time shall overnight *800 visitation occur in the residence of the mother, until such time as the Guardian Ad Litem agrees that the house has been made safe for the child, specifically with reference to the dogs. While the child is with the mother she shall keep her dogs in kennels or outside the home, so that the child is able to move about the home freely and safely. The parties agree to revisit the issue of visitation in six months.
More than a year later, the mother petitioned for modification of custody, claiming that the child's living situation with the father had changed substantially. The appellant filed his own petition for change in custody, requesting sole parental responsibility, alleging that the wife had failed to complete the AA program and to obtain psychological counseling. Various charges and counter charges were made by the parties as to the care and condition of the child.
After hearing the evidence, the court denied both petitions for modification of custody. The trial court wondered whether visitation could be modified given the finding of no change in circumstances. Based upon the agreement to revisit the visitation schedule contained in the final judgment, however, the trial court modified visitation, giving the appellee significantly more visitation.
In McGlamry v. McGlamry, 608 So.2d 553, 554-55 (Fla. 4th DCA 1992), this court held that "for a modification of visitation, the party so moving must demonstrate: (1) a substantial or material change in the circumstances of the parties since entry of the original custody and visitation order, and (2) that the welfare of the child will be promoted by a change in custody and visitation." The issue is whether the parties' agreement to revisit the provisions for visitation allows a trial court to make changes without finding that the dual requirements of McGlamry have been satisfied. We hold that it does not.
In the instant case, however, while the trial court found that there had been no showing of a change in circumstances, the trial court explicitly found that the mother had overcome her past problems. It was these problems which had originally precluded more expanded visitation, as specifically set forth in the settlement agreement. Where the parties spell out specific areas which must change before additional visitation is allowed, then it must be considered a substantial change of circumstance from the conditions existing at the time of the final judgment when the parent fulfills those conditions precedent to obtaining increased visitation. Nevertheless, the conflicting findings of the trial court preclude us from determining that the wife proved that a substantial change of circumstance occurred.
Even though the trial court found that the mother had overcome her past problems, the court made no findings as to whether a change in visitation would be in the best interest of the child. See Purvis v. Carver, 326 So.2d 40 (Fla. 4th DCA 1976). In fact, there was evidence that increased visitation would not be in the child's best interest. Despite an agreement to revisit visitation, the trial court is not bound by any agreement between parents and should not follow such an agreement if it is not in the child's best interests to do so. Jones v. Jones, 674 So.2d 770 (Fla. 5th DCA 1996); McAlister v. Shaver, 633 So.2d 494, 496 (Fla. 5th DCA 1994).
Because the trial court modified the visitation schedule without finding that the mother had met the burden of showing (1) that there had been a substantial or material change in circumstances since the final judgment, and (2) that the child's best interests would be promoted by a change in visitation, the trial court abused its discretion. We therefore reverse and remand for further proceedings consistent with this opinion.
PARIENTE and STEVENSON, JJ., concur.