HAZOURI, J.
Larry Worthington appeals from a final judgment regarding his former wife’s amended supplemental petition to modify primary residential custodial designation and visitation, and to enforce compliance with shared parental responsibility, and from the denial of his motion for rehearing. Worthington raises two points on appeal: 1) there was no basis to modify the child visitation schedule and 2) he should have been awarded attorney’s fees and costs for defending the former wife’s petition for modification of custody. We affirm the trial court’s decision not to award Worthington attorney’s fees and reverse the modification of the child visitation schedule because there was no basis for the modification.
On September 15, 1989, the final judgment of dissolution of the marriage was entered, which incorporated the parties’ *577 property settlement agreement. It included primary physical residence of the parties’ two children with their father, Larry Worthington. There was shared parental responsibility and a visitation schedule that was set forth. In March 1990, the former wife filed a motion for modification of shared parental responsibility and visitation asking for custody and that she be designated as the primary residential custodian. On November 21, 1990, the court denied this request for modification of the final judgment; however, the trial court entered a more detailed and liberal visitation schedule from that which existed in the original final judgment of dissolution. The subject of this appeal is the trial court’s granting of the former wife’s petition to modify this second visitation schedule. In the trial court’s final judgment of December 7, 1999, the trial judge denied the former wife’s request to change the custody of the two children from the former husband to her. However, the trial court made substantial changes in the visitation schedule by, among other things, significantly increasing the former wife’s visitation with the children.
It is well settled that the trial court may not modify visitation unless the party moving for such modification demonstrates: (1) a substantial or material change in the circumstances of the parties since entry of the custody and visitation order, and (2) that the welfare of the child will be promoted by a change in custody and visitation. See Haas v. Haas, 686 So.2d 799 (Fla. 4th DCA 1997); McGlamry v. McGlamry, 608 So.2d 563, 554-55 (Fla. 4th DCA 1992). In the trial court’s final judgment of December 7, 1999, the trial judge specifically found that the former wife had failed to show by competent substantial evidence that there had been any material change in circumstances and the final judgment is silent as to whether it would be in the best interest of the children to modify the visitation schedule. We, therefore, reverse that portion of the trial court’s final judgment modifying the visitation schedule and affirm it in all other respects.
Reversed in part and affirmed in part.
WARNER, C.J., concurs.
GROSS, J., concurs specially with opinion.