GROSS, J.,
concurring specially.
I concur in the majority opinion because that result is mandated by our decisions in Haas v. Haas, 686 So.2d 799 (Fla. 4th DCA 1997), and McGlamry v. McGlamry, 608 So.2d 553 (Fla. 4th DCA 1992).
I question whether Haas describes the proper showing required to justify a modification of visitation, in light of section 61.13, Florida Statutes (1999), which vests broad discretion in the trial court to act in the best interests of the children of divorce.
Haas cited McGlamry for the rule to be applied when a party moves for a modification of visitation:
In McGlamry v. McGlamry, 608 So.2d 553, 554-55 (Fla. 4th DCA 1992), this court held that “for a modification of visitation, the party so moving must demonstrate: (1) a substantial or material change in the circumstances of the parties since entry of the original custody and visitation order, and (2) that the welfare of the child will be promoted by a change in custody and visitation.”
Haas, 686 So.2d at 800. McGlamry relied on Buttermore v. Meyer, 559 So.2d 357 (Fla. 1st DCA 1990), as its authority for the rule. See McGlamry, 608 So.2d at 554-55.
Buttermore considered whether an appellate court’s review of custody and visitation portions of the modification order should be controlled by the “ ‘reasonableness’ standard of Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).” 559 So.2d at 359. Consistent with its earlier decision in Zediker v. Zediker, 444 So.2d 1034 (Fla. 1st DCA 1984), the first district decided “that the Canakaris standard of review *578 applies to review of trial court orders modifying child support and alimony awards but does not apply to orders concerning modification of child custody and visitation.” Buttermore, 559 So.2d at 359 (emphasis supplied).
Interestingly, Zediker was a case involving a change in primary physical custody, not just a change in visitation. See Zediker, 444 So.2d at 1035. Buttermore treated modification orders adjusting visitation the same as those changing primary physical custody, without engaging in any analysis as to whether the similarity in treatment was justified.
Buttermore also found it significant that the final judgment in that case “predated the enactment of Section 61.13, Florida Statutes, relating to shared parental responsibility.” 559 So.2d at 359. The case observed that the original divorce decree “is considered res judicata as to all matters involved and known at the time it was rendered, including the fitness of the custodial parent and the best interest of the child.” Id.
I do not believe that the Haas rule is theoretically sound. An adjustment in a visitation schedule is not as far reaching as a modification in primary physical custody. As children grow, their needs change. Post-decree difficulties between parents often prevent them from doing the right thing for their child. A trial judge should have the power to adjust a visitation schedule when it is in the best interest of a child, without the necessity of a “substantial or material change in the circumstances of the parties since entry of the original custody and visitation order.” McGlamry, 608 So.2d at 554-55.
For example, an important activity for a child might be membership on a baseball team. One parent might object to the child’s participation, because it conflicts with the existing visitation schedule. While a child’s love of the summer game might not amount to a substantial or material change in the circumstances of the parties, a trial judge should nonetheless have the power to modify the visitation schedule where it is important that the child participate in the sport. Such a decision should be reviewed under an abuse of discretion standard.
Section 61.13, Florida Statutes (1999), does not restrict the trial court’s power to modify a visitation schedule. Section 61.13(2)(b)l. declares the general rule that a “court shall determine all matters relating to custody of each minor child of the parties in accordance with the best interests of the child.” Section 61.13(2)(c) provides that the circuit court has “jurisdiction to modify an award of child custody,” without specifying the type of showing required to justify a modification. Section 61.13(4)(c) gives the court broad powers to address the situation where a custodial parent refuses to honor a noncustodial parent’s visitation rights; potential remedies include awarding primary residence to the noncustodial parent, as well as “any other reasonable sanction.” § 61.13(4)(c)6., Fla. Stat. (1999). Finally, section 61.13(5) allows the court to “make specific orders for the care and custody of the minor child as from the circumstances of the parties and the nature of the case is equitable.”
These sections appear to grant the trial court broad power to address post-decree visitation issues. I agree with the Haas standard when it comes to revisiting the issue of primary physical custody. There needs to be finality in such a decision. To avoid endless litigation, the system must utilize a standard that preserves the finality of the final judgment. For less global decisions such as those on visitation, section 61.13 allows the trial judge more flexibility than current case law.
The current rule on modifications of visitation appears to have snuck into Florida law in cases like Buttermore. In that case, the court treated a change in visitation the same as a change in primary physical custody, without reflection on whether this rule was a wise one. Continued reapplication of the Buttermore rule is a situation *579 where a rule persists simply “from blind imitation of the past.” O.W. Holmes, The Path op the Law, 10 HaRV.L.Rev. 457, 469 (1897), cited in Weinstein v. Aisenberg, 758 So.2d 705, 711 (Fla. 4th DCA 2000) (Gross, J., concurring).