PER CURIAM.
Appellant, the Former Husband, argues that the trial court erred when it denied his motion to establish visitation rights without affording him the opportunity to be present at the hearing. We agree.
The Former Husband filed a petition for dissolution of marriage while a prison inmate in Georgia. He requested visitation in his petition. The Former Wife filed a counter-petition for dissolution of marriage and requested to be named the primary residential parent with sole parental responsibility. The Former Wife filed a motion for an order of final hearing. The trial court issued an order, a copy of which was sent to the Former Husband, setting a status conference. The Former Husband’s response stated that although he could not attend the conference, the trial court should grant the order for dissolution of marriage. Accordingly, the trial court entered a final judgment for dissolution of marriage. In the final judgment, the trial court awarded sole parental responsibility to the Former Wife. However, the final judgment failed to include any visitation provisions for the Former Husband, even though he had requested them. The Former Husband filed an “emergency motion to establish visitation rights,” which, at this point in the case, is the equivalent of a motion for modification. He also requested to appear at the hearing by telephone. The trial court, however, summarily denied the motion without affording the Former Husband the opportunity to be heard.
It is axiomatic that due process principles apply to modification proceedings, including child custody and visitation matters. See Murphy v. Ridgard, 757 So.2d 607 (Fla. 5th DCA 2000). Due process necessarily includes the right to notice and an opportunity to be heard. Id.; see also, McGlamry v. McGlamry, 608 So.2d 553 (Fla. 4th DCA 1992). In McGlamry, this Court held that “for a modification of visitation, the party so moving must demonstrate: (1) a substantial or material change in the circumstances of the parties since entry of the original custody and visitation order, and (2) that the welfare of the child will be promoted by a change in custody and visi *1193 tation.” 608 So.2d at 554-55. Thus, on remand, to justify modification of the final judgment, the Former Husband must meet the substantial burden placed upon him.
We hold that the Former Husband should be afforded notice and the opportunity to be heard. We also note that a telephonic appearance would satisfy the Former Husband’s due process rights.
REVERSED AND REMANDED.
GUNTHER, KLEIN and HAZOURI, JJ., concur.